Affirmed in Part, Reversed in Part, Remanded, and Opinion filed October
30, 2007








Affirmed in
Part, Reversed in Part, Remanded, and Opinion filed October 30, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00966-CV

____________

 

PRAIRIE VIEW A&M UNIVERSITY,
DORIS PRICE, AND GEORGE WRIGHT, Appellants

 

V.

 

BRIAN DICKENS, Appellee

 



 

On Appeal from the 164th
District Court

Harris  County, Texas

Trial Court Cause No. 05-78225

 



 

O P I N I O N

A former employee sued a state university, its president,
and vice-president alleging a variety of claims and seeking a money judgment as
well as declaratory relief.  The defendants asserted pleas to the jurisdiction,
which the trial court granted in part and denied in part. The defendants have
appealed the partial denial of their pleas.  We affirm in part, reverse in
part, and remand.








I.  Factual
and Procedural Background








Appellee/plaintiff
Brian Dickens was employed as Director of Student Activities and Leadership at
Prairie View A&M University.  After his employment was terminated, Dickens
filed suit against Prairie View A&M University, Doris Price, and George Wright
(collectively, the APrairie View A&M Parties@) alleging breach of contract,
breach of implied contract, and violation of constitutional rights.  Dickens
sought monetary damages for his contract claims and constitutional claims as
well as reasonable and necessary attorney=s fees, prejudgment interest, and postjudgment interest. 
He also sought a declaration that (1) applicable provisions of the school=s policies are unconstitutional for
various reasons, (2) the Prairie View A&M Parties= decision to terminate Dickens is
without any force and effect, and (3) Price and Wright failed to follow school
policy and are not entitled to immunity.  The Prairie View A&M Parties
filed pleas to the jurisdiction alleging the trial court lacked jurisdiction
over Dickens=s claims.  After an oral hearing,
the trial court granted the pleas in part, denied the pleas in part,[1]
and dismissed all of Dickens=s claims for lack of subject-matter jurisdiction, except for the claims
for breach of contract and Dickens=s claims for declaratory relief.[2] 
The Prairie View A&M Parties have appealed the denial of their pleas to the
jurisdiction.[3] 
Dickens did not file a timely notice of appeal as to the trial court=s granting in part of the pleas to
the jurisdiction.  Accordingly, we address only those issues raised by the
Prairie View A&M Parties.[4]


               II.  Issues and Analysis 

A.      Did the trial court err in
denying the university=s plea to the jurisdiction as to the contract claims? 

In their first issue, the Prairie View A&M Parties
contend that the trial court erred in denying their pleas to the jurisdiction
on Dickens=s claims for breach of contract.  We first examine
this issue as to Prairie View A&M, which is part of the Texas A&M
University System and a state entity.  See Tex. Educ. Code Ann. '' 87.101, 87.102
(Vernon 2002); Prairie View A&M Univ. v. Brooks, 180 S.W.3d 694,
705, n.10 (Tex. App.CHouston [14th Dist.] 2005, no pet.). 
Under the doctrine of sovereign immunity, a unit of state government, such as
Prairie View A&M, is immune from suit and liability unless the state
consents. Dallas Area Rapid Transit v. Whitley, 104 S.W.3d 540, 542
(Tex. 2003).  Immunity from suit defeats a court=s subject-matter
jurisdiction.  Id.  In a suit against a governmental unit, the plaintiff
must affirmatively demonstrate the court=s jurisdiction by
alleging a valid waiver of immunity.  Id.  








The only waiver of
sovereign immunity alleged by Dickens is section 271.152 of the Local
Government Code.  See Tex. Loc. Gov=t Code Ann. ' 271.152 (Vernon 2005).  Therefore, we
must review this statute to see if it constitutes a clear and unambiguous
waiver of Prairie View A&M=s sovereign immunity.  See Tooke v.
City of Mexia, 197 S.W.3d 325, 328B29 (Tex. 2006). 
Under its unambiguous language, the waiver of sovereign immunity in this
statute applies only to Aa local governmental entity.@  Tex. Loc. Gov=t Code Ann. ' 271.152.  A Aunit of state
government@ is excluded from the definition of  Aa local
governmental entity.@  See id. ' 271.151 (Vernon
2005).  Prairie View A&M is an Ainstitution of
higher education@ under section 61.003 of the Education
Code, and such institutions are included in the definition of a Aunit of state
government,@ and thus are not Alocal government
entities.@  See Tex.
Educ. Code Ann. ' 61.003 (Vernon 2006) (defining Ainstitution of
higher education@ to include public universities and public
state colleges); Tex. Gov=t Code Ann. ' 2260.001 (Vernon
2000) (defining Aunit of state government@ to include an Ainstitution of
higher education@ as defined by section 61.003 of the
Education Code); Tex. Loc. Gov=t Code Ann. ' 271.151 (excluding a Aunit of state
government@ from the definition of Aa local
governmental entity@ as used in section  271.152 of the Local
Government Code).  Under the unambiguous language of the relevant statutes,
Prairie View A&M is not a Aa local governmental entity@ covered by
section 271.152 of the Local Government Code.  Therefore, as a matter of law,
the legislature cannot have waived sovereign immunity as to Prairie View
A&M by enacting this statute.  Because the only alleged waiver of sovereign
immunity as to Prairie View A&M does not waive sovereign immunity as to
Prairie View A&M, the trial court erred in denying the university=s plea to the
jurisdiction as to Dickens=s contract claims. See Tooke, 197
S.W.3d 341B46;  Whitley, 104 S.W.3d at 542; Prairie
View A&M Univ., 180 S.W.3d at 705, 711.  Accordingly, we sustain
Prairie View A&M=s first issue.

B.      Did the trial court err in denying the university president=s and vice-president=s pleas to the
jurisdiction as to the contract claims?        








In their first
issue, Price and Wright also contend that the trial court erred in denying
their pleas to the jurisdiction on Dickens=s claims for
breach of contract.  The Texas Supreme Court recently held that we have
interlocutory appellate jurisdiction under section 51.014(a)(8) of the Texas
Civil Practice and Remedies Code over interlocutory appeals by state officials
seeking review of the trial court=s denial of their
jurisdictional pleas.  See Tex.
Civ. Prac. & Rem. Code Ann.
' 51.014(a)(8)
(Vernon Supp. 2006); Texas A&M Univ. Sys. v. Koseoglu, CS.W.3dC, 2007 WL 2562359,
at *10 (Tex. Sept. 7, 2007).  Therefore, we have appellate jurisdiction.

However, Dickens
has sued these employees of Prairie View A&M both in their official
capacities and in their individual capacities.  As to Dickens=s contract claims
against  these parties in their official capacities, Price and Wright are
entitled to dismissal based on sovereign immunity for the same reasons stated
above as to Prairie View A&M.  See id. at *7; Univ. of Tex. Med.
Branch at Galveston v. Hohman, 6 S.W.3d 767, 775B77 (Tex. App.CHouston [14th
Dist.] 1999, pet. dism=d w.o.j.).  Therefore, we sustain the
first issue as to the contract claims against Price and Wright in their
official capacities.

As to the claims
against Price and Wright in their individual capacities, these defendants 
might seek to obtain a summary judgment based on official immunity or on some
other basis; however, they cannot obtain a dismissal for lack of subject-matter
jurisdiction based on sovereign immunity.[5] 
See Koseoglu, 2007 WL 2562359, at *7.  Therefore, the trial court did
not err in denying the pleas to the jurisdiction as to the contract claims
against Price and Wright in their individual capacities.

C.      Did the trial court err in denying the pleas to the
jurisdiction as to the request for declaratory relief? 








In their second
issue, the Prairie View A&M Parties contend that the trial court erred in
denying their pleas to the jurisdiction as to Dickens=s request for a
declaratory relief.  In their appellate brief, the Prairie View A&M Parties
correctly state that they did not assert in their pleas to the jurisdiction
that the trial court lacked subject-matter jurisdiction over Dickens=s request for
declaratory relief.  Nonetheless, the Prairie View A&M Parties claim that
this court still has appellate jurisdiction because of the rule that lack of
subject-matter jurisdiction can be raised for the first time on appeal.
However, interlocutory orders are not appealable unless explicitly made so by
statute.  Stary v. DeBord, 967 S.W.2d 352, 352B53 (Tex. 1998). 
The Prairie View A&M Parties overlook the narrow scope of this court=s jurisdiction
over interlocutory appeals.  Even if a trial court signs an interlocutory order
that is void for lack of subject-matter jurisdiction, this court still has no
jurisdiction to entertain an interlocutory appeal from that order absent
statutory authority.  See Young v. Villegas, 231  S.W.3d 1, 6 (Tex. App.CHouston [14th Dist.] 2007, pet. filed); Fenno v. Sam Reece
Air Cond. & Heating, Inc., 572 S.W.2d 810, 811 (Tex. Civ. App.CHouston [14th
Dist.] 1978, no writ).  In this appeal, we can review only the trial court=s partial denial
of the Prairie View A&M Parties= pleas to the
jurisdiction.  In these pleas, the parties did not assert that the trial court
lacked subject-matter jurisdiction over Dickens=s request for a
declaratory relief.  Therefore, the trial court did not deny such a plea, and
this court lacks appellate jurisdiction to consider this issue.[6] 
See Young, 231 S.W.3d at 6; Fenno, 572 S.W.2d at 811. 

                                                 III.
Conclusion








We affirm the part of the trial court=s order denying
the pleas to the jurisdiction as to the contract claims against Price and
Wright in their individual capacities.  Under the doctrine of sovereign
immunity, the trial court lacks subject-matter jurisdiction over Dickens=s contract claims
(for both breach of express contract and breach of implied contract) against
Prairie View A&M and against Price and Wright in their official
capacities.  Therefore, we reverse the part of the order denying the pleas to
the jurisdiction as to these claims, and we remand this case to the trial court
with instructions to dismiss these claims for lack of subject-matter
jurisdiction and for further proceedings in accordance with this opinion. 

 

 

 

 

 

/s/      Kem Thompson
Frost

Justice

 

 

 

Judgment rendered
and Opinion filed October 30, 2007.

Panel consists of
Justices Anderson, Fowler, and Frost.









[1]  The Prairie View A&M Parties challenged the
trial court=s jurisdiction over the contract claims in their
pleas.  The trial court stated that it granted the pleas in part and that it
did not dismiss the contract claims.  Therefore, we conclude the trial court
denied the pleas as to the contract claims, even though the trial court did not
expressly say so in its order.





[2]  The trial court=s
order dismisses all claims except for breach-of-contract claims and Aclaims for equitable relief.@  Dickens=s
petition does not assert any claims for equitable relief; however, at various
points in the record, Dickens referred to his request for declaratory relief as
a request for reinstatement of his employment or as a request for equitable
relief.  Therefore, we conclude that the trial court excepted out the contract
claims and the claims for declaratory relief. 





[3]  The Prairie View A&M Parties included in their notice of appeal all
the items required by the appellate rules, including the date of the order from
which they appeal.  See Tex. R.
App. P. 25.1(d).  Though their notice of appeal mentions some of the
issues involved, it is sufficient to appeal all aspects of the trial court=s denial of their pleas to the
jurisdiction.  See Vazquez v. Vazquez, No. 14-05-01257-CV, CS.W.3dC,C, 2007 WL 1745324, at *1 (Tex. App.CHouston [14th Dist.] June 19, 2007,
no pet.).





[4]  Dickens has attempted to bring a cross-appeal by
means of cross-points in which Dickens seeks various relief beyond that which
he received when the trial court denied, in part, the pleas to the
jurisdiction.  However, Dickens did not file a notice of cross-appeal.  See Tex. R. App. P.  26.1.  Thus, we lack
jurisdiction to entertain Dickens=s
attempted cross-appeal. Charette v. Fitzgerald, 213 S.W.3d 505, 509
(Tex. App.CHouston [14th Dist.] 2006, no pet.) (concluding that
untimely notice of cross-appeal deprived the court of jurisdiction to consider
the cross-appeal).





[5]  In reviewing the trial court=s denial of the pleas to the jurisdiction, we do not
consider the merits of Dickens=s claims.  See
County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002).  Therefore, we
presume for the purposes of the jurisdictional analysis that Price and Wright
may be held liable under Dickens=s
contract claims, and we consider only whether sovereign immunity deprives the
trial court of subject-matter jurisdiction over these claims. 

 





[6]  We express no opinion regarding the merits of the
second issue.