Amy YOUNG, M.D. and Baylor College
of Medicine, Appellants

v.

Silvia VILLEGAS and Armando Ville-
gas, Individually and as Parents and
Next Friends of Mark Anthony Ville-
gas, a Minor, Appellees.

No. 14–06–00072–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 3, 2007.

Rehearing Overruled June 21, 2007.

Marion Woodrow Kruse, Jr., Alicia T. Kramer, Judith Brown Street, Houston, for appellants.

Robert J. Talaska, Theodore Gregory Skarbowski, Timothy Lyle Culberson, Houston, for appellees.

Panel consists of Justices FOWLER, EDELMAN, and FROST.

## OPINION

KEM THOMPSON FROST, Justice.

This is an interlocutory appeal in which the parents of a minor child allegedly injured by negligent medical treatment at a public hospital asserted healthcare-liability claims against a doctor and a supported medical school. Both the doctor and the medical school filed a motion to dismiss for lack of subject-matter jurisdiction as well as a motion for summary judgment asserting immunity under section 312.006 of the Texas Health and Safety Code. The medical school asserted no claims for affirmative relief against any party, and the parents nonsuited all of their claims against the medical school before the trial court ruled on the pending motions. The

trial court later signed an order denying the doctor's motion to dismiss and motion for summary judgment. The medical school seeks to assert an interlocutory appeal from this order, claiming that, despite the nonsuit, it is still a party in this case and it still may appeal from the trial court's interlocutory order. We conclude the medical school's arguments lack merit and dismiss its appeal for lack of appellate jurisdiction. Because the doctor is not a governmental unit, this court lacks appellate jurisdiction over her appeal from the denial of her jurisdictional motion, and we dismiss this appeal as well. Finally, we conclude that, although we have appellate jurisdiction over the doctor's appeal from the denial of her motion for summary judgment, the trial court did not err in denying the motion. Accordingly, we affirm the trial court's denial of this motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellees Silvia Villegas and Armando Villegas, Individually and as Parents and Next Friends of Mark Anthony Villegas, (hereinafter collectively the "Villegases") sued appellants Dr. Amy Young and Baylor College of Medicine, asserting medical negligence regarding the treatment that Sylvia and Mark Anthony received at Ben Taub General Hospital during the labor and delivery of Mark Anthony and his twin brother Benjamin Villegas. Dr. Young and Baylor (hereinafter collectively the "Baylor Parties") first filed a joint, traditional motion for summary judgment asserting immunity under section 312.006 of the Texas Health and Safety Code.[1] The Baylor Parties later filed a supplemental motion for summary judgment, in which they added new summary-judgment evidence for their prior motion but did not add any new summary-judgment grounds. We refer to these two motions collectively as the "Summary Judgment Motions."

The Baylor Parties also filed a joint motion to dismiss for lack of subject-matter jurisdiction asserting they are immune from liability and from suit, and they later filed supplemental motions to dismiss for lack of subject-matter jurisdiction. Although not so named, these motions constitute pleas to the jurisdiction, and we refer to them collectively as the "Pleas to the Jurisdiction."

Baylor did not assert any counterclaim, crossclaim, or other claim for affirmative relief against any party. Before the trial court ruled on the Summary Judgment Motions or the Pleas to the Jurisdiction, the Villegases nonsuited all of their claims against Baylor. More than four months later, the trial court signed an order denying the Summary Judgment Motions and the Pleas to the Jurisdiction as to Dr. Young. Baylor's lawyer argued that, despite the nonsuit, Baylor was still in this case and that the trial court should rule on these motions as to Baylor. The trial court did not do so.

The Baylor Parties filed an interlocutory appeal from the trial court's order denying these motions as to Dr. Young, asserting appellate jurisdiction under sections 51.014(a)(5) and 51.014(a)(8) of the Texas Civil Practice and Remedies Code. The Villegases have filed a motion and a supplemental motion to dismiss this appeal for lack of appellate jurisdiction.

## II. ISSUES PRESENTED

On appeal, the Baylor Parties assert the following issues:

---

1. The Baylor Parties also filed a separate, no-evidence motion for summary judgment; however, the Baylor Parties do not seek to appeal from any ruling on this motion, so it is not relevant to this appeal.

(1) Did the trial court err in denying Dr. Young's motion to dismiss for lack of jurisdiction, which is based on her immunity from suit as an employee of the equivalent of a governmental unit under Texas Health and Safety Code section 312.001, *et seq.?*

(2) Did the trial court err in denying Dr. Young's motion for summary judgment, which is based on her immunity from liability under Texas Health and Safety Code section 312.001, *et seq.* to the extent allowed by section 101.021 of the Texas Civil Practice and Remedies Code?

(3) Did the trial court err in refusing to rule on Baylor's motion to dismiss for lack of jurisdiction, which is based on Baylor's immunity from suit under Texas Health and Safety Code section 312.001, *et seq.,* such refusal being tantamount to a denial of said motion?

(4) Did the trial court err in refusing to rule on Baylor's motion for summary judgment, which is based on its immunity from liability under Texas Health and Safety Code section 312.001, *et seq.* to the extent allowed by section 101.021 of the Texas Civil Practice and Remedies Code, such refusal being tantamount to a denial of such motion?

## III. ANALYSIS

**A. Does this court have appellate jurisdiction over Baylor's appeal?**

More than four months before the trial court signed the order from which the Baylor Parties appeal, the Villegases non-suited all of their claims against Baylor. The record reflects, and Baylor does not dispute, that Baylor did not assert any counterclaims against the Villegases or crossclaims against Dr. Young. Nonetheless, Baylor asserts that it may appeal the trial court's interlocutory order under sections 51.014(a)(5) and 51.014(a)(8) of the Texas Civil Practice and Remedies Code. Baylor asserts the following arguments as to why this court has jurisdiction over its appeal:

(1) Lack of subject-matter jurisdiction is fundamental and can be raised at any time.

(2) The trial court erred in granting the Villegases' nonsuit of their claims against Baylor and in refusing to rule on Baylor's motions because it lacked subject-matter jurisdiction over the Villegases' claims against Baylor and therefore had no power to grant the Villegases' nonsuit.

(3) The Texas statutes regarding sovereign immunity trump the Texas Rules of Civil Procedure regarding nonsuits.

(4) Once Baylor filed its motions asserting the trial court lacked subject-matter jurisdiction, Baylor "forever froze that issue in time" so that the Villegases could not nonsuit their claims against Baylor.

(5) If the Villegases are allowed to nonsuit their claims against Baylor, this does not put the parties back in the position they were in before the lawsuit, and it deprives Baylor of the protections of Chapter 312 of the Texas Health and Safety Code and Baylor's ability to protect its employees. Baylor wishes to remain a party in this case to vindicate its rights under Chapter 312 and to protect its employees.

(6) The trial court's refusal to rule on Baylor's motions after the nonsuit is tantamount to a denial of Baylor's motions.

(7) The nonsuit "gives the false impression that the claims against [Baylor]

no longer exist." Rather, even after the nonsuit, "claims against [Baylor] are still pending as [the Villegases] continue to assert that the alleged negligence of [Dr. Young] and other employees of [Baylor] injured [the] minor plaintiff."

(8) Baylor's motions to dismiss based on the immunity granted by Chapter 312 constitute claims for affirmative relief such that Baylor is still a party in the trial court.

■ This court must strictly construe statutes authorizing interlocutory appeals. *Bally Total Fitness Corp. v. Jackson,* 53 S.W.3d 352, 355 (Tex.2001). Interlocutory orders are not appealable unless explicitly made so by statute. *Stary v. DeBord,* 967 S.W.2d 352, 352–53 (Tex.1998). Baylor seeks to establish appellate jurisdiction over the trial court's interlocutory order denying Dr. Young's motions based on the following statute:

A person may appeal from an interlocutory order of a district court ... that:

. . .

(5) denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state;

. . .

(8) grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001 ...

TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a) (Vernon Supp.2006). While this statute does not expressly state that the motion or plea denied by the trial court's order must have been asserted by the person who takes the interlocutory appeal, principles of standing generally require this to be so. *See Elgin Indep. Sch. Dist. v. R.N.,* 191 S.W.3d 263, 266 n. 1 (Tex.App.-Austin 2006, no pet.) (holding that individual de-

fendants did not have standing to appeal denial of plea to jurisdiction filed by co-defendant governmental unit). Therefore, for Baylor to invoke subsection (5), Baylor must be an individual officer or employee of the state or a political subdivision of the state. Baylor does not claim to be such an individual, and Baylor does not argue that it should be so treated under any statute. Because Baylor falls outside of this statutory category, we reject Baylor's assertion that, based on subsection (5), this court has appellate jurisdiction over Baylor's appeal. *See id.*

■ Among other things, for jurisdiction to lie based on subsection (8), Baylor must be appealing from an order of the trial court that denies its plea to the jurisdiction. However, the trial court did not rule on any of Baylor's pleas or motions in the only order referenced in Baylor's notice of appeal. Baylor asserts, without citing authority, that the trial court's refusal to rule is equivalent to a denial of its plea to the jurisdiction and motion for summary judgment. Baylor's "refusal to rule" argument rests on its premise that the nonsuit did not operate to remove Baylor as a party. Even accepting that premise, the statute in question authorizes interlocutory appeals from an order in which the trial court grants or denies a plea to the jurisdiction; this statute does not authorize an appeal from a trial court refusal's to rule on a plea to the jurisdiction. Because the trial court did not rule on Baylor's plea to the jurisdiction, subsection (8) does not provide a basis for appellate jurisdiction either.

The trial court had good reason for not ruling on Baylor's pleas and motions— Baylor was no longer a party to the case. When the Villegases nonsuited their claims against Baylor, Baylor had not asserted any counterclaims, crossclaims, or other claims for affirmative relief. Although

Baylor asserts that its pleas to the jurisdiction and motions for summary judgment constitute affirmative claims for relief, these pleas and motions sought dismissal of the Villegases' claims and did not allege a claim, independent of the Villegases' claims, on which Baylor could recover compensation or relief, even if the Villegases abandoned or were unable to establish their claims. Therefore, these pleas and motions were not claims for affirmative relief. *See UTMB at Galveston v. Estate of Darla Blackmon*, 195 S.W.3d 98, 101 (Tex.2006). The Villegases' nonsuit was effective upon filing, and no order was needed to dismiss the Villegases' claims against Baylor. *Id.* at 100–101. Even if the Villegases continued to allege negligence as to two employees of Baylor, these allegations would not alter the reality that the Villegases no longer seek relief or assert claims against Baylor. Therefore, after the Villegases nonsuited their claims against Baylor, Baylor's pleas and motions were moot, and the trial court correctly concluded that it could no longer rule on these pleas and motions. *See id.*

■ Baylor's arguments (1) through (5) above all relate to its assertion that, if plaintiffs sue a defendant who enjoys immunity from the suit filed by the plaintiffs, then the plaintiffs may not nonsuit their claims after the defendant has filed a plea or motion asserting this immunity. Baylor cites no authority that so holds, and the Texas Supreme Court has held to the contrary. *See id.* (holding that plaintiff's nonsuit of claims against a defendant asserting sovereign immunity was effective upon filing and mooted the case or controversy between the parties, even though filed after the defendant had asserted a plea to

the jurisdiction).[2] Furthermore, Baylor overlooks the narrow scope of this court's jurisdiction over interlocutory appeals. Even if a trial court signs an interlocutory order that is void for lack of jurisdiction, this court still has no jurisdiction to entertain an interlocutory appeal from that order absent statutory authority. *Fenno v. Sam Reece Air Cond. & Heating, Inc.*, 572 S.W.2d 810, 811 (Tex.Civ.App.-Houston [14th Dist.] 1978, no writ). Baylor has not cited and we have not found any statute authorizing this court to entertain an interlocutory appeal by Baylor in this case. Even though Baylor wishes to remain in this litigation to protect its employees and to show that the claims formerly asserted against it would have been barred by immunity, no statute prevents the Villegases from nonsuiting their claims against Baylor, and no statute provides an independent basis for Baylor to assert an interlocutory appeal under the facts of this case.

For the foregoing reasons, we conclude that this court lacks jurisdiction over Baylor's appeal and over the third and fourth issues. Accordingly, we grant the Villegases' supplemental motion to dismiss Baylor's appeal, and we dismiss Baylor's appeal for lack of appellate jurisdiction.

**B. Does this court have appellate jurisdiction over Dr. Young's appeal from the trial court's denial of her the Pleas to the Jurisdiction?**

■ Dr. Young asserts that this court has appellate jurisdiction over her appeal from the trial court's denial of the Pleas to the Jurisdiction under section 51.014(a)(8) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8). However, to assert an ap-

---

**2.** Baylor asserts that the *UTMB at Galveston* case is not on point because it did not involve alleged immunity under Chapter 312 and because it involved only one defendant. We conclude that these differences are not material and that this case is on point as to the issues at hand.

peal under this section, Dr. Young must be a governmental unit as defined in section 101.001 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001 (Vernon 2005). Dr. Young does not claim to be such a governmental unit or that she should be treated as one. We conclude that Dr. Young is not a governmental unit, and we have not found any statute that requires this court to treat Dr. Young as if she were a governmental unit for the purposes of determining whether she may assert an interlocutory appeal. We conclude that this court lacks appellate jurisdiction over the first issue and over Dr. Young's appeal from the trial court's denial of the Pleas to the Jurisdiction as to her. *See Univ. of Houston v. Elthon,* 9 S.W.3d 351, 354 (Tex.App.-Houston [14th Dist.] 1999, pet. dism'd w.o.j.) (holding that employees of a governmental unit are not a governmental unit and therefore may not appeal under section 51.014(a)(8) of the Texas Civil Practice and Remedies Code), *disapproved of on other grounds, Texas Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 224 (Tex.2004). Accordingly, we dismiss Dr. Young's appeal from the trial court's denial of the Pleas to the Jurisdiction as to her.[3]

### C. Does this court have appellate jurisdiction over Dr. Young's appeal from the trial court's denial of the Summary Judgment Motions?

■ The Villegases also move to dismiss Dr. Young's appeal from the trial court's denial of the Summary Judgment Motions as to her. The Villegases assert that Dr. Young cannot appeal under section 51.014(a)(5) of the Texas Civil Practice and Remedies Code because there is no evidence that she is an officer or employee of the state or a political subdivision of the state. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a). On appeal, Dr. Young asserts that, even though she is not such an officer or employee, she should be treated as if she were one under section 312.007(a), which states in pertinent part as follows:

> A medical and dental unit, supported medical or dental school, or coordinating entity is a state agency, and a director, trustee, officer, intern, resident, fellow, faculty member, or other associated health care professional or employee of a medical and dental unit, supported medical or dental school, or coordinating entity is an employee of a state agency ... for purposes of determining the liability, if any, of the person for the person's acts or omissions while engaged in the coordinated or cooperative activities of the unit, school, or entity.

TEX. HEALTH & SAFETY CODE ANN. § 312.007(a) (Vernon 2001). The record reflects that Baylor satisfies Chapter 312's definition of supported medical or dental school. *See id.* § 312.002(6) (Vernon 2001) (defining "supported medical or dental school" as "a medical school or dental school organized as a nonprofit corporation that is under contract with the Texas Higher Education Coordinating Board to provide educational services under Subchapter D, Chapter 61, Education Code"). The evidence also shows that Baylor satisfies the following requirements of Chapter 312:

> (1) that the supported medical or dental school agree, either directly or through a coordinating entity, to provide or cause to be provided medical, dental, or other patient care or services or to perform or cause to be performed medical,

---

3. The Baylor Parties have cited several times *Bustillos v. Jacobs;* however, none of the holdings in *Bustillos* are on point with the issues raised in this case. *See* 190 S.W.3d 728, 732–36 (Tex.App.-San Antonio 2005, no pet.).

dental, or clinical education, training, or research activities in a coordinated or cooperative manner in a public hospital; (2) that this contract be submitted to the Texas Board of Health and approved by the Commissioner of Health.

*See id.* §§ 312.003, 312.004, 312.005 (Vernon 2001 & Vernon Supp.2006). Dr. Young is a faculty member at Baylor. Therefore, the evidence submitted by Baylor proves that, under section 312.007(a), this court must treat Dr. Young as an employee of a state agency for purposes of determining her liability, if any, for her acts or omissions while engaged in the activities that gave rise to the Villegases' claims.[4] *See id.* § 312.007(a). In determining the liability, if any, of an employee of a state agency for her acts or omissions, trial courts may rule on motions for summary judgment asserting immunity, and if trial courts deny such motions, then courts of appeals may entertain interlocutory appeals from the order denying these motions. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(5). Therefore, we conclude that this court has appellate jurisdiction over Dr. Young's appeal from the trial court's interlocutory order denying the Summary Judgment Motions as to her.[5] *See id.* § 51.014(a)(5); TEX. HEALTH & SAFETY CODE ANN. § 312.007(a); *Mussemann v. Villarreal,* 178 S.W.3d 319, 321–24 & nn. 1 & 3 (Tex.App.-Houston [14th Dist.] 2005, pet. denied) (entertaining interlocutory appeal under section 51.014(a)(5) by two Bay-

lor residents providing obstetric care at Ben Taub). Accordingly, we deny the Villegases' motion to dismiss Dr. Young's appeal from the trial court's order denying her motion for summary judgment asserting immunity under section 312.006.[6]

## D. Did the trial court err in denying Dr. Young's Summary Judgment Motions asserting immunity under section 312.006?

■ In the Summary Judgment Motions, Dr. Young asserted that she is immune from liability and suit under section 312.006 of the Texas Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 312.006 (Vernon 2001). Dr. Young also asserted that she was entitled to summary judgment because the Villegases failed to give her notice under the Texas Tort Claims Act; however, this argument is also based on Dr. Young's assertion that she is entitled to be treated as a governmental unit under section 312.006. *See id;* TEX. CIV. PRAC. & REM.CODE ANN. § 101.101(a) (Vernon 2005) (requiring that notice of claim be given to a "governmental unit" within six months after the day the incident giving rise to the claim occurred). Dr. Young also filed a supplemental motion for summary judgment, in which she added new summary-judgment evidence for her prior motion, but she did not add any new summary-judgment grounds. In sum, section 312.006 provides the sole ba-

---

**4.** The Villegases cite *Baylor College of Medicine v. Hernandez* in support of their argument that this court lacks appellate jurisdiction over Dr. Young's appeal from the denial of her motion for summary judgment. *See* 208 S.W.3d 4 (Tex.App.-Houston [14th Dist.] 2006, pet. filed). However, that case is not on point because in *Hernandez,* the appellants did not assert section 312.007 of the Texas Health and Safety Code as a possible basis for appellate jurisdiction. *See id.* at 9–11 & n. 5.

**5.** Section 312.007 does not state that courts should treat faculty members such as Dr. Young as state agencies or as governmental units. Therefore, this statute does not provide a basis for Dr. Young to appeal under section 51.014(a)(8).

**6.** This court has appellate jurisdiction under section 51.014(a)(5) based on section 312.007. However, we need not and do not address the effect, if any, of section 312.007 on the defenses available to Dr. Young in this case.

sis for the grounds asserted in the Summary Judgment Motions.

Under its unambiguous language, section 312.006 only applies to "[a] medical and dental unit, supported medical or dental school, or coordinating entity." *See* TEX. HEALTH & SAFETY CODE ANN. § 312.006(a). Dr. Young does not assert that she falls within this category, and the summary-judgment evidence does not prove as a matter of law that she does. Therefore, reviewing her traditional motion for summary judgment under the familiar standard of review,[7] we conclude the trial court did not err in denying the Summary Judgment Motions as to Dr. Young, and we overrule the second issue.

## IV. CONCLUSION

This court lacks appellate jurisdiction over Baylor's appeal from the trial court's order because Baylor had been nonsuited before the trial court signed the order and because in that order the trial court did not rule on any motion filed by Baylor. This court does not have appellate jurisdiction over Dr. Young's appeal from the denial of her plea to the jurisdiction because she is not a governmental unit. Based on section 312.007 of the Texas Health and Safety Code, this court has appellate jurisdiction to review the trial court's denial of the Summary Judgment Motions as to Dr. Young, but because Dr. Young did not prove as a matter of law that she is entitled to the protections of section 312.006, the trial court properly denied these motions as to her. Accordingly, we dismiss Baylor's appeal in its entirety and dismiss Dr. Young's appeal of the trial court's denial of the Pleas to the Jurisdiction. We affirm the trial court's

7. *See Mussemann,* 178 S.W.3d at 323.

order denying the Summary Judgment Motions as to Dr. Young.