Opinion issued April 17, 2008 
















In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00569-CV






GEOFFREY KLEIN AND BAYLOR COLLEGE OF MEDICINE, Appellants


V.


CYNTHIA HERNANDEZ, AS NEXT FRIEND OF NAHOMY
HERNANDEZ, A MINOR, Appellee






On Appeal from the 152nd District Court

Harris County, Texas

Trial Court Cause No. 2003-49449





OPINION ON REHEARING


 We issued an opinion and judgment in this appeal on August 3, 2007. 
Appellants, Baylor College of Medicine ("Baylor") and Dr. Geoffrey Klein, filed
motions for rehearing and en banc reconsideration. We grant appellants' motion for
rehearing, withdraw our August 3, 2007 opinion, substitute this opinion in its place,
and vacate our August 3, 2007 judgment. (1) 

 In this interlocutory appeal, (2) Baylor and Dr. Klein challenge the trial court's
order denying their joint motion to dismiss, for lack of jurisdiction, the claims of
appellee, Cynthia Hernandez, (3) as next friend of Nahomy Hernandez, a minor, against
Baylor and Klein for their negligence and the trial court's order denying their joint
motion for summary judgment. In two points of error, Baylor and Klein contend that
the trial court erred in denying their joint motion to dismiss, in which they asserted
that they are "immune from suit as a unit of government and its employee" under
chapter 312 of Texas Health and Safety Code ("chapter 312"), (4) and in denying their
joint summary judgment motion, in which they asserted that they are "immun[e] from
liability" under chapter 312 to the extent liability is allowed by section 101.021 of the
Texas Civil Practice and Remedies Code. (5) 

 We dismiss the interlocutory appeals of both Baylor and Dr. Klein.

Background


 Hernandez has sued Baylor and Dr. Klein, alleging a health-care-liability claim
against Klein, individually, and against Baylor, under respondeat superior, for the
negligent acts of Klein and other unnamed Baylor employees in the delivery of her
daughter, Nahomy. In June 1994, Hernandez was admitted to Ben Taub General
Hospital ("Ben Taub"), and, during the delivery, Nahomy suffered from a brachial
plexus (6) injury to her right arm. Hernandez alleged that Klein's methods of releasing
Nahomy's shoulder during the delivery caused the injury.

 Baylor, a non-profit medical school, was under contract with the Texas Higher
Education Coordinating Board to provide medical training to physicians who
provided medical care and services at public-health-care facilities. Dr. Klein was a
resident physician in Baylor's obstetrics and gynecology residency program and was
assigned to provide medical services to patients at Ben Taub, which is owned and
operated by the Harris County Hospital District.

 Baylor and Dr. Klein jointly filed a motion to dismiss for lack of jurisdiction
and a summary judgment motion, asserting that Baylor and Klein are immune from
suit and liability under chapter 312. Before the trial court ruled on the motions,
Hernandez non-suited Baylor. (7) At the hearing on the motions, the trial court stated
that it would not rule on Baylor's motions because Baylor had been non-suited. 
Nevertheless, the trial court entered orders denying both Baylor's and Klein's
motions. 


Baylor's and Dr. Klein's Joint Issue


 In their joint brief, Baylor and Dr. Klein characterize their interlocutory appeals
as presenting "an important sovereign immunity[ (8)] question involving the trial court's
denial of a plea to the jurisdiction and motion for summary judgment in a medical
malpractice suit against an entity and its employee who are immune from suit." They
contend that the Legislature intended to confer upon them "the status of a
governmental/state entity and its employee, including the immunity from suit and
liability and right to an interlocutory appeal in these limited circumstances."

 Specifically, Baylor and Dr. Klein, in their two points of error, jointly argue
that the trial court erred in denying their joint motion to dismiss this case and joint
motion for summary judgment because chapter 312 of the Health and Safety Code,
specifically sections 312.006 and 312.007, "limits not only the scope of [a]ppellants'
liability, but also the extent of the Tort Claims Act's[ (9)] waiver of sovereign immunity
from suits alleging injuries involving the 'use of tangible personal or real property.'" 
They assert, "[w]here, as here, sovereign immunity exists, it deprives a district court
of subject matter jurisdiction." Baylor and Klein further assert that the trial court
failed "to evaluate the jurisdictional implication of [Hernandez's] failure to plead
specific facts or introduce evidence to support [her] negligence claims, specifically
regarding the . . . 'use of tangible personal or real property. . . .'" They conclude that
the trial court "erroneously based jurisdiction on [Hernandez's] nonspecific,
conclusory allegations and no extrinsic evidence, which is insufficient to waive
immunity." 

Jurisdiction Over Baylor's Appeal

 Hernandez argues that we lack jurisdiction over Baylor's interlocutory appeal
because she non-suited Baylor before the complained-of rulings and because "neither
Baylor nor Dr. Klein is a government unit, a political subdivision, or an employee of
the state." See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5), (8) (Vernon
Supp. 2007). Baylor responds that it should be treated as a governmental unit under
section 51.014(a)(8). It also asserts that section 51.014(a)(5) allows it to appeal the
denial of its summary judgment motion to the extent that it asserted Klein's immunity
from liability. See id. § 51.0014(a)(5). Finally, Baylor asserts that the trial court
lacked the power to order that Baylor be non-suited. In their joint motion for
rehearing, Baylor and Klein assert, in very general terms, that the Legislature has
"confer[red] upon [a]ppellants the equivalent status and immunities of a state agency
and the employee of a state agency within the meaning of Chapter 312, the [Tort
Claims Act] (10) and section 51.014 of the Texas Civil Practice and Remedies Code, and
this Court has jurisdiction to hear this appeal." 

 A party may not appeal an interlocutory order unless authorized by statute. 
Bally Total Fitness Corp. v. Jackson, 53 S.W.3d 352, 352 (Tex. 2001). We must
strictly construe statutes authorizing interlocutory appeals. Id. at 355. 

Plea to the Jurisdiction by a Governmental Unit

 Section 51.014(a)(8) of the Civil Practice and Remedies Code provides that a
person may appeal from an interlocutory order that "grants or denies a plea to the
jurisdiction by a governmental unit[ (11)] as that term is defined in Section 101.001." 
Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8). Immunity from suit prohibits
suits against the state and governmental units, unless consent to suit has been
expressly provided, defeats a trial court's subject matter jurisdiction, and is properly
asserted in a plea to the jurisdiction. Tex. Dep't of Transp. v. Jones, 8 S.W.3d 636,
638 (Tex. 1999). 

 Baylor does not argue that it is actually a governmental unit. Rather, it
contends that sections 312.006(a) and 312.007 of the Health and Safety Code "confer
upon [a]ppellants the equivalent status and immunities of a state agency and the
employee of a state agency." 

 Section 312.006, entitled "Limitation on Liability," provides,

 (a) A . . . supported medical . . . school . . . engaged in coordinated or
cooperative medical . . . clinical education under Section 312.004,
including patient care and the provision or performance of health
or dental services or research at a public hospital, is not liable for
its acts and omissions in connection with those activities except
to the extent and up to the maximum amount of liability of state
government under Section 101.023(a), Civil Practice and
Remedies Code, for the acts and omissions of a governmental
unit of state government under Chapter 101, Civil Practice and
Remedies Code.

 (b) The limitation on liability provided by this section applies regardless of whether the . . . supported medical . . . school . . . is
a "governmental unit" as defined by Section 101.001, Civil
Practice and Remedies Code.


Tex. Health & Safety Code Ann. § 312.006 (Vernon 2001) (emphasis added). 

 Section 101.023(a) of the Tort Claims Act, entitled "Limitation on Amount of
Liability," provides,

 Liability of the state government under this chapter is limited to money
damages in a maximum amount of $250,000 for each person and
$500,000 for each single occurrence for bodily injury or death and
$100,000 for each single occurrence for injury to or destruction of
property.


Tex. Civ. Prac. & Rem. Code Ann. § 101.023(a) (Vernon 2005). 

 Baylor did present summary judgment evidence that it is a supported medical
school engaged in the type of medical clinical education (12) required for Baylor to
invoke section 312.006. See Tex. Health & Safety Code Ann. § 312.002(6)
(Vernon Supp. 2007). However, section 312.006, with its references to the Tort
Claims Act, does not make Baylor the equivalent of a governmental unit that enjoys
immunity from suit. Nor does it convert Baylor into a governmental unit authorized
to pursue an appeal under section 51.014(a)(8) of the interlocutory appeal statute. The Legislature, in section 312.006, made no reference to sovereign or
governmental immunity from suit. See id. § 312.006; see also Baylor Coll. of Med.
v. Hernandez, 208 S.W.3d 4, 10 (Tex. App--Houston [14th Dist.] 2006, pet. denied)
(holding that section 312.006(a) does not purport to grant immunity from suit to a
supported medical school or to its residents, faculty, or employees). (13) Moreover, the
Texas Supreme Court has characterized section 101.023 of the Tort Claims Act as
providing "damage caps." See Kerrville State Hosp. v. Fernandez, 28 S.W.3d 1, 10
(Tex. 2000). Section 101.023 simply places "caps on actual damages" and prohibits
"punitive damages." Id. at 9. Thus, it does not confer sovereign or governmental
immunity, but, rather, it waives such immunity to the extent of the caps. See Wichita
Falls State Hosp. v. Taylor, 106 S.W.3d 692, 698 (Tex. 2003).

 In Hernandez, the Fourteenth Court of Appeals has already considered, and
rejected, Baylor's argument that section 312.006(a) grants it immunity from suit. 208
S.W.3d at 9-10. As explained by the Fourteenth Court of Appeals, 


 By importing the damage caps of section 101.023(a), the Health and
Safety Code limits the damages for which a supported medical school
is liable. The plain language of neither statute purports to grant
immunity from suit to a supported medical school or to its residents,
faculty, or employees. Nevertheless, this is the interpretation appellants

 urge us to adopt. We are unable to do so. . . . A damages cap limits
damages but does not imply immunity from suit. To the contrary,
damages caps such as section 101.023 that "insulate public resources
from the reach of judgment creditors" indicate immunity from suit has
been waived. 


Id. at 9-10 (citation omitted) (quoting Taylor, 106 S.W.3d at 698) (citations omitted). 

 As did the Fourteenth Court of Appeals in Hernandez, we hold that section
312.006(a) does not make Baylor a governmental unit, immune from suit, nor did it
deprive the trial court of subject matter jurisdiction. See id. at 10. 

 Section 312.007 of the Health and Safety Code, entitled "Individual Liability,"
provides, 

 (a) A . . . supported medical . . . school . . . is a state agency, and a
director, trustee, officer, intern, resident, fellow, faculty member,
or other associated health care professional or employee of a . . .
supported medical . . . school . . . is an employee of a state agency
for purposes of Chapter 104, Civil Practice and Remedies
Code,[ (14)] and for purposes of determining the liability, if any, of
the person for the person's acts or omissions while engaged in the
coordinated or cooperative activities of the . . . school . . . .


 (b) A judgment in an action or settlement of a claim against a . . .
supported medical . . . school . . . under Chapter 101, Civil
Practice and Remedies Code,[ (15)] bars any action involving the
same subject matter by the claimant against a director, trustee,
officer, intern, resident, fellow, faculty member, or other
associated health care professional or employee of the . . . school
. . . whose act or omission gave rise to the claim as if the person
were an employee of a governmental unit against which the claim
was asserted as provided under Section 101.106, Civil Practice
and Remedies Code.


Tex. Health & Safety Code Ann. § 312.007 (Vernon 2001) (emphasis added). 


 The Legislature, in section 312.007(a), expressly provided that a supported
medical school is a "state agency" only "for purposes of Chapter 104, Civil Practice
and Remedies Code, and for purposes of determining the liability, if any, of the
person for the person's acts or omissions while engaged in the coordinated or
cooperative activities of the . . . school . . . ." See id. § 312.007(a) (emphasis added). 
Chapter 104 concerns "State Liability for Conduct of Public Servants." See Tex. Civ.
Prac. & Rem. Code Ann. §§ 104.001-.009 (Vernon 2005 & Supp. 2007). 
Subsection (a) of section 312.007 limits the situations in which Baylor may be treated
as if it were a state agency to those involving indemnity of its employees and
contractors (chapter 104) and determinations of its employees' (or directors',
trustees', officers', interns', residents', fellows', faculty members', or other associated
health care professionals') liability, if any. See Tex. Health & Safety Code Ann.
§ 312.007(a). 

 Accordingly, we hold that section 312.007 of the Health and Safety Code does
not make Baylor the equivalent of a governmental unit, immune from suit, and, thus, 
it did not deprive the trial court of subject matter jurisdiction. 

 Having held that neither section 312.006(a) nor section 312.007 of the Health
and Safety Code makes Baylor the equivalent of a governmental unit, immune from
suit, we further hold that the trial court's denial of Baylor's plea to the jurisdiction is
not subject to an interlocutory appeal under section 51.014(a)(8) of the Civil Practice
and Remedies Code. 

 Immunity of an Officer or Employee of the State 

 Section 51.014(a)(5) of the Civil Practice and Remedies Code provides that a
person may appeal from an interlocutory order that "denies a motion for summary
judgment that is based on an assertion of immunity by an individual who is an officer
or employee of the state or a political subdivision of the state." See Tex. Civ. Prac.
& Rem. Code Ann. § 51.014(a)(5). 

 Baylor argues that it is a "person" under section 51.014(a) because it is
appealing from an order denying its summary judgment motion, which was based on
the assertion of immunity from individual liability by Dr. Klein, and he is treated as
a state employee for purposes of ascertaining whether he is individually liable for his
allegedly negligent acts. 

 However, the Texas Supreme Court has expressly stated that only a state
official or employee can pursue an interlocutory appeal under section 51.014(a)(5). 
See Tex. A&M Univ. Sys. v. Koseoglu, 233 S.W.3d 835, 843 (Tex. 2007). The court
explained,

 . . . . [T]here is no other way to read Section 51.014(a)(5) than to
conclude that only an "individual who is an officer or employee of the
state or a political subdivision of the state" may appeal an interlocutory
order denying a motion for summary judgment. The only other entity
that would generally have standing to file such an appeal would be a
governmental body, but the words of Section 51.014(a)(5) offer no
indication or suggestion that it applies to any entity other than a state
official, the only entity which it describes. This stands to reason
because an official sued in his individual capacity would assert official
immunity as a defense to personal monetary liability, which is well
suited for resolution in a motion for summary judgment.


Id. (quoting Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5)); see also Young v.
Villegas, 231 S.W.3d 1, 3 (Tex. App.--Houston [14th Dist.] 2007, pet. denied). 

 Accordingly, we hold that section 51.014(a)(5) does not authorize Baylor's
interlocutory appeal of the trial court's denial of Baylor's summary judgment motion. 
 Having held that the trial court's denials of Baylor's plea to the jurisdiction and
summary judgment motion are not subject to an interlocutory appeal under either
section 51.014(a)(5) or section 51.014(a)(8) of the Civil Practice and Remedies Code,
we dismiss Baylor's appeal. (16) Because we dismiss Baylor's interlocutory appeal for
lack of jurisdiction, we do not reach Baylor's two points of error.

Jurisdiction over Dr. Klein's Appeal


 Hernandez argues that we lack jurisdiction over Dr. Klein's appeal because
"neither Baylor nor Dr. Klein is a government unit, a political subdivision, or an
employee of the state." See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5), (8). 
 As noted above, in their joint motion for rehearing, Klein and Baylor assert, in very
general terms, that the Legislature has "confer[red] upon [a]ppellants the equivalent
status and immunities of a state agency and the employee of a state agency within the
meaning of Chapter 312, the [Tort Claims Act] (17) and section 51.014 of the Texas
Civil Practice and Remedies Code, and this Court has jurisdiction to hear this
appeal." 

 We again note that a party may not appeal an interlocutory order unless
authorized by statute and that we must strictly construe statutes authorizing
interlocutory appeals. Bally Total Fitness Corp., 53 S.W.3d at 355. 

Plea to the Jurisdiction by a Governmental Unit 

 In Koseoglu, the Texas Supreme Court held that section 51.014(a)(8) allows
an employee of a governmental unit whom the plaintiff sues in his official capacity
to appeal the denial of the governmental unit's jurisdictional plea. 233 S.W.3d at
844-45. Having held that Baylor is not a governmental unit for purposes of section
51.014(a)(8), we further hold that section 51.014(a)(8) does not authorize Dr. Klein's
interlocutory appeal of the trial court's denial of his plea to the jurisdiction based on
governmental immunity from suit. 

Immunity of an Officer or Employee of the State 

 Again, section 51.014(a)(5) expressly provides that only an individual who is 
"an officer or employee of the state or a political subdivision of the state" may appeal
from an interlocutory order that "denies a motion for summary judgment that is based
on an assertion of immunity" by the individual. See Tex. Civ. Prac. & Rem. Code
Ann. § 51.014(a)(5). Summary judgment is the appropriate procedural mechanism
to assert immunity from liability. Baylor Coll. of Med. v. Tate, 77 S.W.3d 467, 472
(Tex. App.--Houston [1st Dist.] 2002, no pet.). 

 In Young, the Fourteenth Court of Appeals held that section 51.014(a)(5)
authorized a Baylor doctor, who was similarly situated to Dr. Klein in the instant
case, to appeal the denial of his summary judgment motion, in which he asserted
immunity from individual liability. 231 S.W.3d at 7-8. The doctor in Young asserted
that, although she was not actually an officer or an employee of the state or a political
subdivision of the state, she "should be treated as if she were one under section
312.007(a)." Id. at 7. After quoting section 312.007(a), the Young court, in circular
fashion, reasoned,

 In determining the liability, if any, of an employee of a state agency for
her acts or omissions, trial courts may rule on motions for summary
judgment asserting immunity, and if trial courts deny such motions, then
courts of appeals may entertain interlocutory appeals from the order
denying these motions. See Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014(a)(5). Therefore, we conclude that this court has appellate
jurisdiction over Dr. Young's appeal from the trial court's interlocutory
order denying the Summary Judgment Motions as to her.


Id. at 8. 

 However, the plain language of section 312.007(a), as quoted above, does not
confer upon Dr. Klein the immunity from liability enjoyed by an employee of a state
agency. (18) Moreover, neither section 312.006, entitled "Limitation on Liability," nor
312.007, entitled "Individual Liability," in any way confers upon Klein or Baylor, as
they jointly argue, "sovereign immunity," which must be waived under the Texas Tort
Claims Act. Rather, section 312.007(a) expressly provides that a person in Klein's
position is to be treated as if he were "an employee of a state agency" only "for
purposes of Chapter 104, Civil Practice and Remedies Code, and for purposes of
determining the liability, if any, of the person for the person's acts or omissions while
engaged in the coordinated or cooperative activities of the . . . school . . . ." Tex.
Health & Safety Code Ann. § 312.007(a) (emphasis added). Accordingly, we hold
that the Legislature's grant of limited liability to Dr. Klein and Baylor and provision
of indemnity for Klein in chapter 312 does not amount to a conferral of "sovereign
immunity," which deprived the trial court of subject matter jurisdiction, as expressly
argued to this Court by Klein and Baylor. 

 Had the Legislature intended for those similarly situated to Dr. Klein to enjoy
the right to an interlocutory appeal in circumstances such as those presented here, it
could have expressly provided that right in either section 312.007 of the Health and
Safety Code or, more appropriately, in section 51.014(a)(5) of the Civil Practice and
Remedies Code. It simply did not. 

 In regard to the Fourteenth Court of Appeals's holding to the contrary in
Young, we note that, given that the Legislature has not provided Baylor with the right
to appeal the trial court's denial of its jurisdictional plea, it would be oddly
inconsistent for the Legislature to provide such a right to Dr. Klein. Why would the
Legislature grant doctors, like Klein and Young, the right to appeal their summary
judgment motions, but deny their employer, like Baylor, the right to appeal the denial
of its jurisdictional plea? There is no logical reason for doing so. As an appellate
court, we must construe the pertinent statutes and, in construing them, avoid an
absurd or unreasonable result. See Tex. Gov't Code Ann. § 311.021 (Vernon 2005)
("In enacting a statute, it is presumed that . . . a just and reasonable result is
intended."); Univ. of Tex. Sw. Med. Ctr. v. Loutzenhiser, 140 S.W.3d 351, 356 & n.
20 (Tex. 2004) (court should not construe statutes to lead to absurd results); Watts v.
City of Houston, 126 S.W.3d 97, 100 (Tex. App.--Houston [1st Dist.] 2003, no pet.)
("We should not adopt a construction that would render a law or provision absurd or
meaningless."). The bottom line is that the Legislature has not authorized any such
interlocutory appeals.

 Strictly construed, section 51.014(a)(5) of the Civil Practice and Remedies
Code authorizes a person to appeal from an order that "denies a motion for summary
judgment that is based on an assertion of immunity by an individual who is an [actual]
officer or employee of the state or a political subdivision of the state." See Tex. Civ.
Prac. & Rem. Code Ann. § 51.014(a)(5) (emphasis added). Because section
51.014(a)(5) authorizes a person to appeal from an order that "denies a motion for
summary judgment that is based on an assertion of immunity by an individual who is
an officer or employee of the state or a political subdivision of the state," we must
respectfully disagree with the Fourteenth Court of Appeals's holding in Young. See
id. (emphasis added). Accordingly, we hold that section 51.014(a)(5) does not
authorize Dr. Klein's interlocutory appeal of the trial court's denial of his summary
judgment motion. 

 Having held that the trial court's denials of Dr. Klein's plea to the jurisdiction
and summary judgment motion are not subject to an interlocutory appeal under either
sections 51.014(a)(5) or section 51.014(a)(8), we dismiss his appeal. 

 Because we dismiss Dr. Klein's interlocutory appeal for lack of jurisdiction,
we do not reach his two points of error.

 











Conclusion


 We dismiss Baylor's and Dr. Klein's interlocutory appeals for lack of
jurisdiction. 

 



 Terry Jennings

 Justice

 

Panel consists of Justices Taft, Jennings, and Alcala.

Justice Taft, concurring in the judgment. 
1. Appellants' motion for en banc reconsideration is moot. See Brookshire Bros., Inc.
v. Smith, 176 S.W.3d 30, 41 n.4 (Tex. App.--Houston [1st Dist.] 2004, pet. denied).
2. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (Vernon Supp. 2007). 
3. Before the trial court rendered the complained-of orders, Cynthia Hernandez died. 
Although Hernandez's counsel filed a suggestion of death and moved to appoint
Nahomy's aunt as her next friend, Hernandez's name appears on the complained-of
orders, and so we refer to Hernandez as the appellee for purposes of this opinion.
4. See Tex. Health & Safety Code Ann. §§ 312.001-.007 (Vernon 2001 & Supp.
2007).
5. Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 2005).
6. "Brachial plexus" is defined as a "network of nerves in the neck and axilla, composed
of the anterior branches of the lower four cervical and first two thoracic spinal nerves
and supplying the chest, shoulder, and arm." The American Heritage Stedman's
Medical Dictionary 110 (2002). 
7. All parties agree that the trial court entered an order of non-suit as to Baylor.
8. We note that "[u]nder [the] centuries-old common-law doctrine" of sovereign
immunity, the sovereign is immune from suit and liability. Ben Bolt-Palito Blanco
Consol. Indep. Sch. Dist. v. Tex. Political Subdiv. Prop./Cas. Joint Self-Ins. Fund, 212
S.W.3d 320, 324 (Tex. 2006). "The State's sovereign immunity extends to various
divisions of state government, including agencies, boards, hospitals, and universities." 
 Id. "[G]overnmental immunity similarly protects political subdivisions of the State,
including counties, cities, and school districts." Id. "Official immunity is an
affirmative defense that shields governmental employees from personal liability so
that they are encouraged to vigorously perform their official duties," and "[a]
governmental employee is entitled to official immunity for (1) the performance of
discretionary duties (2) that are within the scope of the employee's authority, (3)
provided that the employee acts in good faith." Telthorster v. Tennell, 92 S.W.3d 457,
460-61 (Tex. 2002).
9. See Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (Vernon 2005 & Supp.
2007).
10. See Tex. Health & Safety Code Ann. §§ 312.001-.007.
11. A "governmental unit" is defined as, 


 (A) this state and all the several agencies of government that collectively
constitute the government of this state, including other agencies bearing
different designations, and all departments, bureaus, boards,
commissions, offices, agencies, councils, and courts;


 (B) a political subdivision of this state, including any city, county, school
district, junior college district, levee improvement district, drainage
district, irrigation district, water improvement district, water control and
improvement district, water control and preservation district, freshwater
supply district, navigation district, conservation and reclamation
district, soil conservation district, communication district, public health
district, and river authority;


 (C) an emergency service organization; and

 

 (D) any other institution, agency, or organ of government the status and
authority of which are derived from the Constitution of Texas or from
laws passed by the legislature under the constitution.


Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3) (Vernon 2005) (emphasis added).
12. The purpose of chapter 312 is,


 [t]o authorize coordination and cooperation between medical and dental units,
supported medical or dental schools, and public hospitals and to remove
impediments to that coordination and cooperation in order to: (1) enhance the
education of students, interns, residents, and fellows attending a medical and
dental unit or a supported medical or dental school; (2) enhance patient care;
and (3) avoid any waste of public money.


 Tex. Health & Safety Code Ann. §§ 312.001. 
13. Baylor argues that section 312.006(a)'s mere reference to the Tort Claims Act is a
recognition that Baylor is immune from suit because the Tort Claims Act "primarily
provides immunity from suit" to governmental units. However, the Tort Claims Act
does not create sovereign or governmental immunity from suit: it merely waives such
preexisting immunity from suit in certain circumstances. See Tex. A&M Univ.-Kingsville v. Lawson, 87 S.W.3d 518, 520 (Tex. 2002) ("In Texas, the bar of
sovereign immunity is a creature of the common law and not of any legislative
enactment."); City of Galveston v. State, 217 S.W.3d 466, 475 (Tex. 2007) ("This
Court has repeatedly held that sovereign immunity is a creature of the common law
and not of any legislative enactment."); City of Tyler v. Likes, 962 S.W.2d 489, 494
(Tex. 1997) (plurality op.) ("[T]he Tort Claims Act does not create a cause of action;
it merely waives sovereign immunity as a bar to a suit that would otherwise exist.");
City of San Benito v. Cantu, 831 S.W.2d 416, 420 (Tex. App.--Corpus Christi 1992,
no writ) ("According to the Texas Supreme Court, the statute [the Texas Tort Claims
Act] does not create new duties, but simply waives the common-law doctrine of
governmental immunity for the instances specified in the statute.").
14. Chapter 104 of Texas Civil Practice and Remedies Code--entitled, "State Liability
for Conduct of Public Servants"--provides the circumstances under which the state
must indemnify its employees, former employees, and certain individuals under
contract with or in the service of particular state entities for damages, court costs, and
attorney's fees. See Tex. Civ. Prac. & Rem. Code Ann. §§ 104.001-.009 (Vernon
2005 & Supp. 2007). The chapter also provides: "This chapter does not waive a
defense, immunity, or jurisdictional bar available to the state or its officers,
employees, or contractors." Id. § 104.008.
15. See id. §§ 101.001-.109.
16. Given our dismissal of Baylor's interlocutory appeal on jurisdictional grounds, we
cannot determine whether Baylor's plea and motion, as a result of the nonsuit, had
become moot before the trial court ruled on them. See Young v. Villegas, 231 S.W.3d
1, 5-6 (Tex. App.--Houston [14th Dist.] 2007, pet. denied). We note that
Hernandez's motion to correct the trial court's orders to reflect that it did not rule on
Baylor's plea and motion remains pending below.
17. See Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109.
18. Our concurring colleague would hold that "when a private-supported-medical-school
employee is sued in his individual capacity for his acts or omissions while engaged
in certain of the school's activities, he may invoke the affirmative defense of official
immunity from liability, if the facts of the case allow it." However, as conceded in
the concurring opinion, although Dr. Klein and Baylor in their summary judgment
motion below generally asserted that they have "official immunity" in this case, Dr.
Klein made no effort to establish the elements of such a defense. See Telthorster, 92
S.W.3d at 461 (noting that governmental employee is entitled to official immunity
from personal liability "for (1) the performance of discretionary duties (2) that are
within the scope of the employee's authority, (3) provided that the employee acts in
good faith").