**Dismissed and Memorandum Opinion filed March 1, 2022.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-21-00627-CV

---

## SALAH ETER, IN HIS CAPACITY AS TRUSTEE OF THE ETER TRUST, Appellant

## V.

## FADI N. MOGHNIEH, INDIVIDUALLY, AND IN HIS CAPACITY AS AN OFFICER AND SHAREHOLDER OF MULTI-DIMENSIONS INVESTMENTS, LLC, Appellee

---

**On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2021-56430**

---

## MEMORANDUM OPINION

This is an attempted appeal by appellant Salah Eter, in his capacity as trustee of the Eter Trust, from an order signed September 28, 2021.[1] In the suit underlying

---

[1] The record reflects that plaintiff and purported appellant Ibrahim Nazeeh Eter died on December 28, 2020. Ibrahim's attorney, however, continued to represent Ibrahim in the trial court after December 28, 2020 and filed a notice of appeal listing Ibrahim's name. This representation seems to have been unauthorized and there was no compliance with Texas Rule of

this appeal, appellee Fadi N. Moghnieh, individually and in his capacity as an officer and shareholder of Multi-Dimensions Investments, LLC prevailed on his motion to dismiss appellant Salah Eter's claims under section 27.003 of the Texas Citizens Participation Act (TCPA), in so far that the trial court dismissed Salah Eter's claims with prejudice. *See* Tex. Civ. Prac. & Rem. Code § 27.003. Moghnieh also sought attorney's fees pursuant to his TCPA motion to dismiss. *See* Tex. Civ. Prac. & Rem. Code § 27.009. When the trial court signed the order dismissing appellant Salah Eter's' claims, it specifically anticipated future action by stating that Moghnieh was entitled to recover reasonable attorney's fees and court costs "to be determined by a later hearing or submission."

Generally, appeals may be taken only from final judgments. *Lehmann v. Har Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When orders do not explicitly dispose of all pending parties and claims, the orders remain interlocutory and unappealable until final judgment is rendered unless a statutory exception applies. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001). We strictly construe statutes authorizing interlocutory appeals. *Young v. Villegas*, 231 S.W.3d 1, 5 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

Moghnieh's outstanding claim for attorney's fees render this appeal interlocutory. *See Leniek v. Evolution Well Servs. LLC*, No. 14-18-00954-CV, 2019 WL 438825 at *2 (Tex. App.—Houston [14th Dist.] Apr. 2, 2019, no pet.) (mem. op.) (dismissing for want of jurisdiction an appeal of a grant of a TCPA motion to dismiss where attorney's fees were outstanding in the trial court).

---

Civil Procedure 151. Tex. R. Civ. P. 151. The problem on appeal is that even were Ibrahim not dead he would still not be a party who sought to alter the trial court's judgment, i.e., an appellant. *See* Tex. R. App. P. 3.1)(a), 25.1(c). Accordingly, we dismiss Ibrahim Nazeeh Eter as an appellant.

On January 4, 2022, notification was transmitted to the parties of this court's intention to dismiss the appeal for want of jurisdiction unless a response was filed demonstrating grounds for continuing the appeal on or before January 14, 2022. *See* Tex. R. App. P. 42.3(a). Appellant Salah Eter did not respond.

Accordingly, the appeal is ordered dismissed for want of jurisdiction.

PER CURIAM

Panel consists of Justices Wise, Spain, and Hassan.