**Dismissed and Memorandum Opinion filed February 16, 2023.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00447-CV

---

### CITY OF HOUSTON, TEXAS, Appellant

### V.

### ISABEL MEJIA AND ROSA MEJIA, Appellees

---

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 18-CV-0756**

---

## MEMORANDUM OPINION

The City of Houston attempts to appeal from an order granting partial summary judgment on the issue of whether its employee was acting within the scope of her employment at the time she was involved in a motor vehicle collision with appellees Isabel and Rosa Mejia. Concluding we lack jurisdiction to review this interlocutory order, we dismiss the appeal.

BACKGROUND

The underlying suit arises from a motor vehicle collision and is governed by the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem. Code § 101.001, et. seq. *See City of Houston v. Mejia*, 606 S.W.3d 901, 903 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (*Mejia I*). The record reflects that Isabel Mejia was driving, and Rosa was a passenger when Sergeant Michelle Gallagher (Gallagher) of the Houston Police Department failed to yield the right of way at an intersection and hit the Mejias' car. The Mejias sued Gallagher and the City for personal injuries. The Mejias' claims against Gallagher were dismissed pursuant to the City's exercise of the Tort Claims Act election-of-remedies provision. *See* Tex. Civ. Prac. & Rem. Code § 101.106(e).

Initially, the City moved for summary judgment on immunity grounds, alleging Gallagher was not in the course and scope of her employment at the time of the accident. *Mejia I*, 606 S.W.3d at 904. The trial court denied the City's motion and the City appealed. *Id*.; *see also* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8) (permitting interlocutory appeal from order that "grants or denies a plea to the jurisdiction by a governmental unit"). Concluding the City failed to meet its burden to conclusively prove that Gallagher was not acting within the scope of her employment at the time of the accident, this court affirmed the trial court's denial of the City's motion for summary judgment. *Mejia I*, 606 S.W.3d at 906–07.

After this court's mandate issued, the Mejias filed a motion for traditional summary judgment on the issue of Gallagher's scope of employment. Citing *Ledesma v. City of Houston*, 623 S.W.3d 840, 847–48 (Tex. App.—Houston [1st Dist.] 2020, pet. denied), the Mejias asserted that the City, in dismissing Gallagher pursuant to section 101.106(e) of the Tort Claims Act, had judicially admitted that

Gallagher was acting in the scope of employment at the time of the accident.[1] The City responded, asserting, in part, that this court had not yet adopted our sister court's authority and arguing that we should not do so. The trial court granted the Mejias' motion and entered a partial summary judgment finding as a matter of law that Gallagher was acting within the scope of her employment. The City filed this interlocutory appeal pursuant to section 51.014(a)(8) of the Civil Practice and Remedies Code.

## ISSUES PRESENTED

On appeal, the City asserts the following issues:

1.      Did the trial court err in granting a partial summary judgment on a single essential element of Plaintiff's cause of action under the TTCA?

2.      Did Houston's mere filing of a 101.106(e) motion to dismiss its employee waive Houston's governmental immunity under a theory of waiver of immunity by judicial admission?

3. In the alternative, under the *Marshall* rule, did Plaintiffs waive the right to rely on a judicial admission by proffering evidence that controverted that admission?

4. Should the Court reverse and render judgment dismissing Plaintiffs' suit for lack of subject-matter jurisdiction because the fact that, in the moment of the accident, Gallagher was not in Houston's paid service is dispositive that she was outside her scope of employment?

## ANALYSIS

**This court lacks appellate jurisdiction over the City's appeal**.

The Mejias assert that this court lacks jurisdiction over the City's interlocutory

---

[1] In *Ledesma*, the First Court of Appeals held that, by moving to dismiss the plaintiffs' claims against the City's employee under section 101.106(e), the City judicially admitted that its employee was acting within the scope of her employment and agreed to vicariously defend her, and the City's judicial admission barred it from later disputing that its employee was acting within the scope of her employment. *Ledesma*, 623 S.W.3d at 850.

3

appeal. We agree.

Generally, a Texas appellate court has jurisdiction to hear only an appeal from a final judgment. *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992). Typically, a judgment is not final for purposes of appeal unless the judgment disposes of all pending parties and claims in the record. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). The partial summary judgment in this case addresses only the issue of scope of employment. The judgment does not dispose of all issues between the parties nor does it purport to be a final judgment. The partial judgment, therefore, is an interlocutory order. *See id.*

Section 51.014(a) of the Civil Practice and Remedies Code expands the jurisdiction of courts of appeals. It specifies circumstances in which a litigant may immediately appeal from an order that would otherwise be unappealable because a final judgment has not been rendered in the matter. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a); *see also Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex. 1985) (orig. proceeding) (per curiam) ("Unless there is a statute specifically authorizing an interlocutory appeal, the Texas appellate courts have jurisdiction only over final judgments."). Because section 51.014(a) is a limited exception to the general rule that a party may appeal only from final judgments or orders, it is strictly construed. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012).

The City asserts we have jurisdiction over the trial court's interlocutory order pursuant to section 51.014(a)(8) of the Civil Practice and Remedies Code, which provides that "A person may appeal from an interlocutory order of a district court . . . that . . . grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001[.]" Tex. Civ. Prac. & Rem. Code § 51.014(a)(8).

In section 51.014(a)(8), the Legislature intended that interlocutory appeals be available only to challenge the granting or denial of a plea to the jurisdiction by a

4

governmental unit. *Baylor Coll. of Med. v. Tate*, 77 S.W.3d 467, 472 (Tex. App.—Houston [1st Dist.] 2002, no pet.). The order from which the City attempts to appeal is a partial summary judgment on scope of employment granted on the Mejias' motion. The City argues that we have jurisdiction under section 51.014(a)(8) because, "in granting [the Mejias'] motion, the trial court denied [the City]'s immunity on scope of employment." The City cites several cases in which courts have interpreted the substance of a pleading to determine they had jurisdiction over an interlocutory appeal. *See Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 549 (Tex. 2019); ("And section 51.014(a)(8) allows an interlocutory appeal to be taken when 'the trial court denies the governmental entity's claim of no jurisdiction, whether it has been asserted by a plea to the jurisdiction, a motion for summary judgment, or otherwise'"); *PHI, Inc. v. Tex. Juvenile Justice Dep't*, 593 S.W.3d 296, 301 n.1 (Tex. 2019); ("For purposes of appellate jurisdiction over interlocutory orders, the court of appeals had jurisdiction over the denial of the combined plea to the jurisdiction and motion for summary judgment, regardless of how the trial-court pleading was styled, because the substance of the pleading was to raise sovereign immunity, which implicates subject-matter jurisdiction."); *City of Magnolia 4A Econ. Dev. Corp. v. Smedley*, 533 S.W.3d 297, 299 (Tex. 2017); ("A party may appeal an interlocutory order that grants or denies a plea to the jurisdiction by a governmental unit. This Court considers 'plea to the jurisdiction' not to refer to a 'particular procedural vehicle,' but rather to the substance of the issue raised.") (internal citation omitted); *Thomas v. Long*, 207 S.W.3d 334, 339 (Tex. 2006) ("The Legislature provided for an interlocutory appeal when a trial court denies a governmental unit's challenge to subject matter jurisdiction, irrespective of the procedural vehicle used.").

In each of the cases relied on by the City the court determined it had

jurisdiction over a pleading in which a governmental unit challenged subject matter jurisdiction. That is not the case in today's case. For jurisdiction to lie based on section 51.014(a)(8), the City must be appealing from an order of the trial court that denies *its* plea to the jurisdiction. *See Young v. Villegas*, 231 S.W.3d 1, 5 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). The trial court, however, did not rule on a plea to the jurisdiction or a motion for summary judgment filed by the City, but it granted the Mejias' motion for partial summary judgment. The City attempts to distinguish the holding in *Young*, arguing that in that case Baylor College of Medicine had been nonsuited from the case at the time the appeal was taken and that Baylor "no longer had a rope in the rodeo when it filed its notice of appeal." In *Young*, Baylor attempted to file an interlocutory appeal from the trial court's order denying Dr. Young's motion to dismiss for lack of jurisdiction and motion for summary judgment. *Id.* at 4. Baylor had also filed a motion to dismiss and motion for summary judgment, but the trial court did not rule on those motions because the plaintiffs had nonsuited their claims against Baylor after Baylor filed its motions. *Id.* We held that, "[a]mong other things, for jurisdiction to lie based on subsection (8), Baylor must be appealing from an order of the trial court that denies its plea to the jurisdiction." *Id.* at 5. Similarly, in this case, the City attempts to appeal the grant of the plaintiffs' motion for partial summary judgment, which was not a plea to the jurisdiction filed by the City; we therefore lack jurisdiction over this interlocutory appeal.

## CONCLUSION

Because we lack jurisdiction over this interlocutory appeal, we dismiss the appeal for want of jurisdiction.

/s/    Jerry Zimmerer
        Justice

Panel consists of Justices Zimmerer, Poissant, and Wilson.