**Reversed and Remanded and Majority Opinion and Concurring and Dissenting Opinion filed August 14, 2018.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00028-CV

---

## TIM THIBODEAU, AS LEGAL GUARDIAN OF G.A.W.T., A MINOR CHILD, Appellant

### V.

## DR. MARY LYLES AND KATY FAMILY COUNSELING, PLLC, Appellees

---

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 16-DCV-235475**

---

## M A J O R I T Y   O P I N I O N

A father brought tort claims on behalf of his daughter against a therapist and the therapist's professional limited liability company. On appeal, the father challenges a final order in which the trial court simultaneously granted both the defendants' plea to the jurisdiction and their motion to dismiss under Texas Rule of Civil Procedure 91a. The defendants based the plea to the jurisdiction and the Rule 91a motion solely on their purported immunity under section 261.106(a) of the Family Code, which they

read to establish immunity from suit that deprives the trial court of subject matter jurisdiction. *See* Tex. Fam. Code Ann. § 261.106(a) (Vernon 2014).

We reject this reading. Even if the defendants were entitled to immunity under Family Code section 261.106(a), we conclude that this statute provides only immunity from liability. Therefore, this statute cannot deprive the trial court of subject matter jurisdiction. We reverse and remand because the trial court erred in dismissing the case for lack of subject matter jurisdiction.

## BACKGROUND

Appellant/plaintiff Tim Thibodeau, as legal guardian of G.A.W.T., a minor child, sued appellees/defendants Dr. Mary Lyles and Katy Family Counseling, PLLC (collectively "the Lyles Parties"), asserting negligence and intentional infliction of emotional distress claims based on Dr. Lyles's alleged acts and omissions while allegedly acting as the child's therapist and evaluator.

The Lyles Parties filed a plea to the jurisdiction combined with a motion to dismiss under Texas Rule of Civil Procedure 91a, which provides for the dismissal of baseless claims. The Lyles Parties assert that all of Thibodeau's claims arise from Dr. Lyles's reporting of suspected child abuse and her testifying as to the same and that therefore the Lyles Parties enjoy immunity under Family Code section 261.106(a). In their plea to the jurisdiction, the Lyles Parties contend that this statutory immunity is an immunity from suit that operates to strip the trial court of subject matter jurisdiction.

In the alternative, the Lyles Parties also moved to dismiss under Rule 91a, arguing that Thibodeau's claims have no basis in law because the Lyles Parties enjoy immunity under section 261.106(a).

The trial court signed a single order granting both the plea to the jurisdiction and the Rule 91a motion to dismiss. Thibodeau challenges this order on appeal.

2

**ANALYSIS**

In his first issue, Thibodeau asserts that the immunity provided by section 261.106(a) is immunity from liability. He challenges the trial court's grant of the Lyles Parties' plea to the jurisdiction arguing that, even if the Lyles Parties enjoyed immunity under section 261.106(a), they would have only an immunity from liability, not an immunity from suit. Thus, Thibodeau argues, the trial court erred in granting the plea to the jurisdiction and concluding that the court lacked jurisdiction. In his second issue, Thibodeau contends that this immunity instead operates as an affirmative defense that must be pleaded and proven by a preponderance of the evidence. In his third and fourth issues, Thibodeau challenges the trial court's simultaneous granting of the Lyles Parties' motion to dismiss under Rule 91a.

The Lyles Parties purported to assert both a plea to the jurisdiction and a motion to dismiss under Rule 91a in a single instrument filed in the trial court.

We pause to consider the nature of this instrument before addressing whether the trial court erred in dismissing the case. We do so to examine its substance as well as its title and form, and to confirm that the Lyles Parties sought a dismissal of Thibodeau's claims based on an alleged lack of subject matter jurisdiction. We give effect to the substance of the document the Lyles' Parties filed rather than its title or form. *See State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) (orig. proceeding).

Asserting in the plea to the jurisdiction that all of Thibodeau's claims arise from Dr. Lyles's reporting of suspected child abuse and her testifying as to the same, the Lyles Parties claim to have section 261.106(a) immunity. They assert that this statutory immunity is an immunity from suit that strips the trial court of subject matter jurisdiction. In the part of the instrument denominated as a plea to the jurisdiction, they

3

do not refer to any other legal standard, rule, or procedural device.

As a threshold matter, we conclude that the substance of this part of the instrument is a plea to the jurisdiction based solely on the Lyles Parties' alleged immunity from suit under Family Code section 261.106(a).

We also conclude that the portion of this instrument denominated as a Rule 91a motion is an alternative vehicle for asserting the same basis for dismissal — predicated on an asserted lack of subject matter jurisdiction — that was asserted in the plea to the jurisdiction. The Rule 91a motion does not assert a basis for dismissal distinct from lack of subject matter jurisdiction.[1]

The Rule 91a motion merely reasserts that "Dr. Lyles has immunity for her report as well as her involvement in the Minor Plaintiff's custody case under Texas Family Code 261.106(a)." The motion asserts that immunity "deprives Plaintiff of the relief sought and renders the negligence, negligence per se and intentional infliction of emotional distress claims without a [basis] . . . in law." The motion does not attempt to articulate a contention that appellees are immune from liability even if they are not immune from suit — or any other basis for dismissal on grounds other than lack of subject matter jurisdiction. The Lyles Parties' invocation of Rule 91a in the trial court does not by itself indicate that dismissal is being sought on a merits basis that is distinct from lack of subject matter jurisdiction. This court has recognized that Rule 91a can be used to obtain dismissal based on lack of subject matter jurisdiction. *See, e.g., Univ. of Tex.–MD Anderson Cancer Ctr. v. Porter*, No. 14-17-00107-CV, 2017 WL 5196146, at *1 (Tex. App.—Houston [14th Dist.] Nov. 2, 2017, no pet.) (mem. op.).

The Lyles Parties' brief in this court also does not articulate a basis for dismissal

---

[1] Based on this determination, we need not address Thibodeau's third and fourth issues.

4

under Rule 91a that is distinct from their contention that subject matter jurisdiction is lacking. Their appellate brief does not assert any basis for dismissal under Rule 91a at all. Instead, the brief argues that (1) dismissal is warranted based on lack of subject matter jurisdiction; and (2) any asserted dispute regarding whether the Lyles Parties established good faith in making a report of child abuse is moot.

Looking at its substance rather than form, we conclude that the instrument filed by the Lyles Parties asserts a single ground for dismissal based on lack of subject matter jurisdiction. We now turn to Thibodeau's first issue.

## I. Section 261.106(a) Does Not Defeat Subject Matter Jurisdiction

The parties have not cited and research has not revealed any case from the Supreme Court of Texas or this court addressing whether the immunity provided by section 261.106(a) is immunity from suit that deprives the courts of subject matter jurisdiction or immunity from liability that does not deprive the courts of jurisdiction. To answer the question, we look to the statutory text.

Section 261.106(a) of the Texas Family Code states:

> A person acting in good faith who reports or assists in the investigation of a report of alleged child abuse or neglect or who testifies or otherwise participates in a judicial proceeding arising from a report, petition, or investigation of alleged child abuse or neglect is immune from civil or criminal liability that might otherwise be incurred or imposed.

We review the trial court's interpretation of applicable statutes *de novo*. *See Johnson v. City of Fort Worth*, 774 S.W.2d 653, 655-56 (Tex. 1989). In construing a statute, we seek to give effect to the Legislature's intent. *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000). If possible, we must ascertain that intent from the language the Legislature used in the statute and not look to extraneous matters for

an intent the statute does not state. *Id*. If the meaning of the statutory language is unambiguous, we adopt the interpretation supported by the plain meaning of the provision's words. *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997). We must not engage in forced or strained construction; instead, we must yield to the plain sense of the words the Legislature chose. *See id*.

On its face, section 261.106(a) is unambiguous, so we need not and do not venture into extraneous matters to determine the Legislature's intent. After setting out the class of people entitled to the immunity, the Legislature's text plainly characterizes the immunity as immunity from *liability*. No language in the statute states that the people who fall within the statute's scope enjoy immunity from suit or should be treated as if they were governmental actors. Under its unambiguous wording, the statute does not provide that courts lack jurisdiction over claims in which a plaintiff seeks to establish civil liability against a person covered by the statute.

The Lyles Parties have not cited, and we have not found, any cases in which a court holds that section 261.106(a) confers immunity from suit or deprives courts of jurisdiction over claims against a person covered by the statute.

The First Court of Appeals has concluded that the immunity provided under section 261.106(a) does not deprive courts of jurisdiction over any claims because the immunity is immunity from liability and not immunity from suit. *See Miranda v. Byles*, 390 S.W.3d 543, 551 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). We agree with our sister court that immunity under section 261.106(a) does not deprive courts of jurisdiction over any claims and thus would not provide a basis for granting a plea to the jurisdiction. *See id*. Presuming without deciding that the Lyles Parties enjoy immunity under section 261.106(a) as to all of Thibodeau's claims, we conclude that this immunity does not deprive the courts of jurisdiction over these claims. *See id*. Therefore, the trial court erred in dismissing this case based on a lack of subject matter

6

jurisdiction. We sustain Thibodeau's first issue.[2]

## II. The *Bird* Privilege Does Not Defeat Subject Matter Jurisdiction

The Lyles Parties argue on appeal that the trial court properly dismissed Thibodeau's claims for lack of subject matter jurisdiction based on the common-law privilege the Supreme Court of Texas described in *Bird v. W.C.W.*, 868 S.W.2d 767, 771 (Tex. 1994). According to the Lyles Parties, this privilege confers on them an immunity from suit that deprives the courts of subject matter jurisdiction over Thibodeau's claims. The Lyles Parties did not assert this argument in the trial court. Nonetheless, if this privilege would deprive the trial court of subject matter jurisdiction over Thibodeau's claims, we would have to consider the merits of this argument despite the Lyles Parties' failure to raise it in the trial court. *See Waco Indep. Sch. Dist. v. Gibson,* 22 S.W.3d 849, 850-51 (Tex. 2000); *Tex. Dep't of Transp. v. Olivares,* 316 S.W.3d 89, 95 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

Communications made during the course of judicial proceedings are privileged. *See Bird*, 868 S.W.2d at 771. The privilege extends to pre-trial proceedings and covers affidavits filed with the court. *See id*. If the essence of a claim is libel or slander based on a person's communications in the context of judicial proceedings, this absolute privilege applies to shield the person from liability. *See id*. The *Bird* court did not state that this privilege confers immunity from suit or that the privilege deprives courts of subject matter jurisdiction over such claims. *See id*. at 771-72. Instead, this privilege results in a defense to the merits of such claims rather than a dismissal for lack of subject matter jurisdiction. *See id*. at 768 (rendering a take-nothing judgment on the claims to which the privilege applied rather than dismissing for lack of subject

---

[2] We need not and do not address whether either of the Lyles Parties is entitled to immunity from liability under Texas Family Code section 261.106(a). We need not address Thibodeau's second issue.

matter jurisdiction).

Presuming without deciding that the Lyles Parties are correct and the *Bird* privilege applies to all of Thibodeau's claims, we conclude that this privilege does not deprive the courts of jurisdiction over these claims. *See id*. Therefore, this privilege does not provide a possible basis for affirming the trial court's dismissal of Thibodeau's claims.[3]

## CONCLUSION

Presuming without deciding that the Lyles Parties enjoy immunity under Family Code section 261.106(a) as to all of Thibodeau's claims, this immunity does not deprive the courts of jurisdiction over these claims. Therefore, the trial court erred in dismissing this case. Thus, we reverse the trial court's final order and remand for further proceedings.

/s/    William J. Boyce
Justice

Panel consists of Chief Justice Frost and Justices Boyce and Jewell. (Frost, C.J., concurring and dissenting).

---

[3] We need not and do not address whether this privilege applies in this case so as to preclude liability as to any of Thibodeau's claims.