**Affirmed and Memorandum Opinion filed February 4, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00533-CV

---

### SUSAN FLANDER, Appellant

### V.

### STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Appellee

---

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 1105515-101**

---

## MEMORANDUM OPINION

Appellant Susan Flander appeals a summary judgment granted to State Farm Mutual Automobile Insurance Co. on res judicata grounds.[1] After a review of the record, we conclude that State Farm established each element of its res judicata affirmative defense. Flander failed to respond to State Farm's summary-judgment

---

[1] Asserting it was incorrectly sued as "State Farm Insurance," appellee notes its correct name as State Farm Mutual Automobile Insurance Company. We refer to appellee as "State Farm."

motion. Accordingly, State Farm is entitled to judgment as a matter of law, and we affirm.

## Background

Flander was involved in an automobile accident with State Farm's insured, Monica Moore. Flander entered the access road to Highway 290 from a side street, and her vehicle collided with Moore's. Because Moore had the right-of-way, a police officer issued a citation to Flander. However, Flander's ticket was dismissed because the officer failed to appear for Flander's trial.

State Farm paid Moore's property damage and then, as subrogee of Moore, sued Flander in cause number 365998 in the Harris County Justice Court, Precinct 5, Place 2 (the "subrogation case"). Flander filed an answer and claimed that the dismissal of her ticket meant that she was not liable for any damages. She filed an amended answer a few days later in which she claimed that State Farm engaged in fraud. Later, Flander failed to appear for trial, despite receiving notice of the trial setting. The trial court signed a final default judgment in favor of State Farm and against Flander in the subrogation case. The trial court determined that State Farm had a valid assignment from Moore, that the accident was caused by Flander's negligence, and that State Farm had incurred damages of $7,424.63.

Flander received notice of the subrogation case judgment within ten days of its signing, but she filed neither a motion for new trial nor a notice of appeal.

More than two years after the subrogation case judgment became final, Flander, representing herself, filed her original petition in the instant case. In her live pleading, Flander alleged that, because her ticket was dismissed, she could not have been liable in the subrogation case; that State Farm committed fraud by attempting to recover its subrogation damages from her; and that Moore was

2

responsible for the accident.[2]  State Farm answered and asserted the affirmative defenses of res judicata and collateral estoppel.

State Farm timely served requests for admission to Flander seeking to establish undisputed facts and certain documents, but Flander failed to respond. State Farm moved for summary judgment on res judicata grounds, attaching Flander's deemed admissions as support.  Flander moved to strike State Farm's summary-judgment motion, but she did not file a response.  She also did not seek to withdraw her deemed admissions.  The trial court granted State Farm's motion without stating the grounds and dismissed Flander's claims with prejudice.[3]

Flander appeals.

## Standard of Review

We review a trial court's ruling on a motion for summary judgment de novo. *Tarr v. Timberwood Park Owners Assoc., Inc.*, 556 S.W.3d 274, 278 (Tex. 2018). A summary-judgment movant must prove conclusively that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  Tex. R.

---

[2] We cannot determine precisely Flander's claims against State Farm from her pro se petition, which is entitled "Complaint for Injunction."  However, State Farm requested, *inter alia*, that Flander admit the following facts:

> In Cause Number 1105515, you argued that since your ticket was dismissed, you could not be liable in this case.

> In Cause Number 1105515, you argued that it was fraud for State Farm to attempt to recover from you.

> In Cause Number 1105515, you argued that Monica Moore was responsible for the action.

Flander did not respond to these requests for admission.

[3] Flander sued several other defendants in this case.  After State Farm obtained summary judgment, it moved to sever.  The trial court granted the motion to sever, making State Farm's summary judgment final and appealable. *E.g.*, *Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 63 S.W.3d 795, 795 (Tex. 2001) ("As a rule, the severance of an interlocutory judgment into a separate cause makes it final.").

Civ. P. 166a(c). As is relevant here, to be entitled to summary judgment based on an affirmative defense, a defendant must establish all elements of the affirmative defense as a matter of law. *Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008). Once the defendant produces evidence sufficient to establish the right to summary judgment, the burden shifts to the plaintiff to come forward with competent controverting evidence that raises a fact issue as to one element of the defendant's affirmative defense. *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014). If the movant does not satisfy its initial burden, however, the burden does not shift, and the non-movant need not respond or present any evidence. *Id.* at 511-12; *see also McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993) ("the non-movant's failure to answer or respond cannot supply by default the summary-judgment proof necessary to establish the movant's right" to judgment).

## Analysis

Flander's pro se briefing is difficult to distill. However, she appears to assert that the trial court "reached beyond its jurisdiction" by allowing State Farm to amend its original answer, resetting a status conference, and granting State Farm's motion for summary judgment. She presents no argument in support of her first two issues, so we address only her third issue here. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

Flander failed to respond to State Farm's motion for summary judgment in the trial court, instead moving to strike it. We are mindful, however, that we look to a pleading's substance, rather than its style, to determine the nature of the pleading. *See Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 666 (Tex. 2011); *Thibodeau v. Lyles*, 558 S.W.3d 166, 168 (Tex. App.—Houston [14th Dist.]

4

2018, no pet.). In her motion to strike, Flander asserted that "the doctrines of res judicata and collateral estoppel do[] not bar [Flander] under Tex. Ins. Code § 542; thus affords [Flander] a cause of action under unfair claim settlement practices." However, other than this bare assertion that she may make a claim under any of the many provisions of chapter 542,[4] despite the doctrines of res judicata and collateral estoppel, and affording her motion the most liberal construction, she does not respond to the substance of State Farm's summary-judgment motion. Thus, we do not consider her motion to strike a response to State Farm's summary-judgment motion. Because she failed to respond to State Farm's motion, we need only consider whether State Farm met its initial summary-judgment burden. We conclude that State Farm established that the doctrine of res judicata bars Flander's suit.

## A. Res Judicata

Res judicata is an affirmative defense that bars the re-litigation of certain claims or cases between parties that have already been decided. *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *Eagle Oil & Gas Co. v. Shale Expl., LLC*, 549 S.W.3d 256, 266 (Tex. App.—Houston [1st Dist.] 2018, pet. dism'd). To successfully assert the affirmative defense of res judicata, a party must prove: (1) a final prior judgment on the merits by a court of competent jurisdiction; (2) the identity of the parties, or those in privity with them; and (3) a second action based on the same claims as were or could have been raised in the first action. *Joachim*, 315 S.W.3d at 862; *Welch v. Hrabar*, 110 S.W.3d 601, 606 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). The burden is on the party asserting the affirmative defense to plead and prove the defense's elements. *Welch*, 110 S.W.3d at 606. When applicable, res judicata bars a second,

---

[4] *See* Tex. Ins. Code §§ 542.001-.302.

subsequent suit. *See Welch*, 119 S.W.3d at 606; *see also Engelman Irrigation Dist. v. Shields Bros., Inc.*, 514 S.W.3d 746, 750 (Tex. 2017) ("Res judicata bars the relitigation of claims that have been finally adjudicated or that could have been litigated in the prior action."); *Tex. Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771-72 (Tex. 1979) (holding that party may not pursue claim determined by final judgment of court of competent jurisdiction in prior suit as ground of recovery in later suit against same parties). "When, as here, the material facts are not disputed, the applicability of res judicata presents a question of law, which we review de novo." *Eagle Oil & Gas Co.*, 549 S.W.3d at 267.

## B.    Application

Flander failed to respond to State Farm's requests for admission. Requests for admission are "written requests that the other party admit the truth of any matter within the scope of discovery, including statements of opinion or of fact or of the application of law to fact." Tex. R. Civ. P. 198.1. "If a response is not timely served, the request is considered admitted without the necessity of a court order." Tex. R. Civ. P. 198.2; *see also Marino v. King*, 355 S.W.3d 629, 633 (Tex. 2011) (per curiam). An admitted matter is "conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission." Tex. R. Civ. P. 198.3. Here, Flander did not seek to withdraw or amend her admissions in the trial court. *See, e.g.*, *Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996) (per curiam) (explaining that trial court has broad discretion to permit or deny the withdrawal of deemed admissions).

Because she failed to respond to State Farm's requests for admission, Flander admitted that (1) she sought a judicial determination that she was not liable in the subrogation case, (2) State Farm had committed fraud by attempting to recover its subrogation damages from her, and (3) Moore was responsible for the

6

automobile accident that was the basis for the subrogation case. Further, State Farm included Flander's answer and amended answer in the subrogation case, which confirmed that Flander raised these issues in the subrogation case. Additionally, State Farm was explicitly identified as Moore's subrogee in the subrogation case. State Farm also attached the judgment against Flander in the subrogation case. In other words, State Farm presented evidence on each element of its res judicata affirmative defense. *See Joachim*, 315 S.W.3d at 862; *Welch*, 110 S.W.3d at 606.

Thus, the burden shifted to Flander to come forward with evidence raising a fact issue as to State Farm's affirmative defense. *E.g.*, *Amedisys, Inc*, 437 S.W.3d at 511. As Flander did not respond to State Farm's motion, the trial court did not err in granting State Farm's summary-judgment motion. *E.g.*, *Consol. Healthcare Servs., LLC v. Mainland Shopping Ctr., Ltd.*, No. 14-18-00189-CV, —S.W.3d —, 2019 WL 6974966, at *6 (Tex. App.—Houston [14th Dist.] Dec. 19, 2019, no pet. h.); *cf. Lyons v. Lexington Woods Trails Cmty. Ass'n, Inc.*, No. 14-17-00423-CV, 2018 WL 1542489, at *3 (Tex. App.—Houston [14th Dist.] Mar. 29, 2018, no pet.) (mem. op.).

We overrule Flander's issue challenging the summary judgment in State Farm's favor.

## Conclusion

State Farm established its res judicata defense as a matter of law; thus, it was incumbent on Flander to come forward with evidence raising a fact issue on State Farm's affirmative defense to avoid summary judgment. Because she did not do

so, the trial court properly granted summary judgment in favor of State Farm.  We affirm the trial court's judgment.


/s/     Kevin Jewell
        Justice


Panel consists of Justices Wise, Jewell, and Poissant.