**Reversed and Remanded and Memorandum Opinion filed April 25, 2024.**



In The

# Fourteenth Court of Appeals

## NO. 14-22-00877-CV

### RASHIA LYNN WHITLOCK, Appellant

### V.

### KIMBERLY KAYE TAYLOR, Appellee

**On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Cause No. 22-DCV-291980**

## MEMORANDUM OPINION

Appellant Rashia Lynn Whitlock ("Whitlock") appeals a plea to the jurisdiction and a motion for sanctions granted by the trial court in her lawsuit for defamation, malicious prosecution, and public disclosure of private facts against appellee Kimberly Kaye Taylor ("Taylor"). We reverse and remand.

### I.    BACKGROUND

This case arises from a once-amicable, close friendship between a university

graduate and actress, Whitlock, and a university academic counselor, Taylor. After a disagreement between the women while Whitlock was visiting Taylor from out of town, Taylor made a complaint of criminal trespass about Whitlock to the Fort Bend County Sheriff's Office, and she later sought a protective order against Whitlock after alleged harassment from Whitlock's supporters. According to Whitlock, Taylor also shared false details about the disagreement, criminal complaint, and application for protective order with the interim dean of the university, the dean of the school of communications, the university police, and a congressional staffer for the congresswoman whose district includes the university.

On March 21, 2022, Whitlock sued Taylor for defamation, malicious prosecution, and public disclosure of private facts. Taylor answered and filed a plea to the jurisdiction, claiming the trial court lacked subject matter jurisdiction over Whitlock's claims. The trial court conducted a hearing on Taylor's plea to the jurisdiction on August 19, 2022. On August 30, 2022, the trial court granted Taylor's plea to the jurisdiction and motion for sanctions, holding that it did not have subject matter jurisdiction over Whitlock's claims, that Taylor had "absolute immunity" from Whitlock's defamation claim, and that Taylor and her attorney were entitled to a total of $15,381.00 in attorney's fees and costs as sanctions.

## II.  ANALYSIS

In its order, the trial court found that Whitlock's "pleadings fail to confer subject matter jurisdiction on this Court"; found that Taylor has "absolute immunity" from Whitlock's defamation claim; and denied all of Whitlock's claims. The order also awards sanctions after stating that the trial court found "ample bad faith" for Whitlock and her attorney's failure to recognize Taylor's "absolute privilege" in making alleged defamatory statements, in Whitlock's filing of prior similar claims, in their use of court proceedings to coerce Taylor into a

2

personal relationship, and their refusal to respond to discovery. In four issues that we construe as two, Whitlock argues that the trial court erroneously granted Taylor's plea to the jurisdiction and motion for sanctions.

## A. PLEA TO THE JURISDICTION

We first address the trial court's grant of Taylor's plea to the jurisdiction for lack of subject matter jurisdiction.[1]

Subject matter jurisdiction involves a court's power to hear a particular type of suit. *TV Azteca v. Ruiz*, 490 S.W.3d 29, 36 (Tex. 2016). Subject matter jurisdiction is essential to the authority of a court to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993); *see Buzbee v. Clear Channel Outdoor, LLC*, 616 S.W.3d 14, 21 (Tex. App.—Houston [14th Dist.] 2020, no pet.). A trial court has subject matter jurisdiction "when the nature of the case falls within the general category of cases the court is empowered, under applicable statutory and constitutional provisions, to adjudicate." *Diocese of Galveston-Hous. v. Stone*, 892 S.W.2d 169, 174 (Tex. App.—Houston [14th Dist.] 1994, orig. proceeding). "The absence of subject matter jurisdiction may be raised by a plea to the jurisdiction." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

### 1. Standard of Review

A plea questioning the trial court's subject matter jurisdiction over a dispute raises a question of law that we review de novo. *Westbrook v. Penley*, 231 S.W.3d

---

[1] In appellee's brief, Taylor argues that the trial court heard her no-evidence motion for summary judgment in the same hearing in which the plea to the jurisdiction was heard. However, the dispositive ruling in the trial court is the plea to the jurisdiction order. This order does not mention either party's motion for summary judgment. Moreover, Taylor set the hearing for her plea to the jurisdiction, and her notice of hearing does not include her motion for summary judgment.

389, 394 (Tex. 2007); *In re Alief Vietnamese All. Church*, 576 S.W.3d 421, 427 (Tex. App.—Houston [1st Dist.] 2019, orig. proceeding). A defendant may challenge the court's jurisdiction either on the pleadings or by evidence negating jurisdictional facts. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004).

We first look to the plaintiff's pleadings to determine whether the facts pleaded affirmatively demonstrate that subject matter jurisdiction exists. *Westbrook*, 231 S.W.3d at 394–95. We construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the unchallenged factual jurisdictional allegations in the pleadings. *See Miranda*, 133 S.W.3d at 226. If the pleadings are insufficient to establish jurisdiction but do not affirmatively demonstrate an incurable jurisdictional defect, then the plaintiff should be afforded the opportunity to replead. *Westbrook*, 231 S.W.3d at 395. If the pleading is sufficient to demonstrate jurisdiction, and if the defendant does not challenge the plaintiff's factual allegations with supporting evidence, then our inquiry ends. *Buzbee*, 616 S.W.3d at 23.

However, if a plea to the jurisdiction challenges the existence of jurisdictional facts, then we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *Miranda*, 133 S.W.3d at 227. In a case in which the jurisdictional challenge implicates the merits of the plaintiff's cause of action and the plea to the jurisdiction includes evidence, the trial court reviews the relevant evidence to determine if a fact issue exists. *Id.* If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder. *Id.* By reserving for the fact finder the resolution of disputed jurisdictional facts that implicate the merits of the

claim or defense, we preserve the parties' right to present the merits of their case at trial. *Id.* at 228. In deciding a plea to the jurisdiction, a court may not consider the merits of the case, only the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).[2]

## 2. Whitlock's Pleadings

In her petition, Whitlock pleads causes of action for defamation, malicious prosecution, and public disclosure of private facts. She sets forth the elements of each cause of action in the pleading. Her petition is detailed and includes what appear to be screenshots from various exhibits. For instance, the petition describes how Taylor reported Whitlock to the Fort Bend County Sheriff's Office as a trespasser who had earlier caused a disturbance, rather than a visitor with whom Taylor shared a putative mother-daughter relationship. The petition then sets forth screenshots from what appears to be Taylor's deposition testimony, acknowledging that on the day of the purported disturbance, the women had not argued and "were making do." The petition shows that Taylor next sought a protective order against Whitlock, juxtaposed against a screenshot of Taylor's deposition testimony that Whitlock had not threatened, harmed, or harassed Taylor, her family, or her co-workers. District courts have the authority to address claims for defamation, *see, e.g.*, *Klentzman v. Brady*, 456 S.W.3d 239, 245 (Tex. App.—Houston [1st Dist.] 2014), *aff'd*, 515 S.W.3d 878 (Tex. 2017); malicious prosecution, *see, e.g.*,

---

[2] Taylor states in her briefing that Whitlock has failed to include the reporter's record from the hearing on the plea to the jurisdiction. An appellant has the burden of making an appellate record demonstrating the trial court abused its discretion. *See Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987). Absent such a record, the reviewing court presumes the evidence before the trial court was adequate to support its ruling. *Id*. Here, however, the clerk's record includes the evidence submitted at the hearing on the plea to the jurisdiction, which the trial court instructed the parties to file after the hearing was conducted by video conferencing.

*Gilbreath v. Horan*, 682 S.W.3d 454, 503 (Tex. App.—Houston [1st Dist.] 2023, pet. denied); and public disclosure of private facts. *See, e.g.*, *Patel v. Hussain*, 485 S.W.3d 153, 172 (Tex. App.—Houston [14th Dist.] 2016, no pet.). We conclude that the facts pleaded in Whitlock's petition affirmatively demonstrate that the trial court has subject matter jurisdiction. *See Westbrook*, 231 S.W.3d at 394–95.

### 3. Taylor's Challenge to Jurisdictional Facts

We then examine whether Taylor negated jurisdictional facts. *See Miranda*, 133 S.W.3d at 226. In her plea to the jurisdiction, Taylor first asserted that Whitlock lacked standing but has not subsequently argued standing in the trial court or on appeal.[3] In her plea, Taylor next contended that Whitlock "absolutely has not plead[ed] and cannot, as a matter of law, establish every element of defamation, malicious prosecution, and public disclosure of private facts." As we addressed above, Whitlock's pleadings sufficiently set forth the elements of her claims. To the extent that Taylor challenges the evidence that may support Taylor's claims, or the lack thereof, a plea to the jurisdiction may not be used to weigh the merits of the claims. *See Brown*, 80 S.W.3d at 555; *see also* Tex. R. Civ. P. 166a(I).

In her appellate briefing and in her reply to Whitlock's response to the plea to the jurisdiction, Taylor next argues that the trial court lacks subject matter jurisdiction because Taylor had the "absolute privilege" to report perceived wrongdoing to the police. The trial court granted her plea to the jurisdiction on this

---

[3] Generally, a plaintiff has standing if there is a concrete injury to the plaintiff and a real controversy between the parties that is fairly traceable to the defendant's conduct and likely to be redressed by the requested relief. *See Heckman v. Williamson County*, 369 S.W.3d 137, 155–56 (Tex. 2012). For instance, Whitlock has standing to bring claims for injuries to her from Taylor's actions and alleged defamation. *See Nguyen v. Trinh*, No. 14-21-00110-CV, 2022 WL 805820, at *3 (Tex. App.—Houston [14th Dist.] Mar. 17, 2022, no pet.) (mem. op.) (stating a "defamatory statement must be directed at the plaintiff as an ascertainable person to be actionable.").

basis, stating that "The Court FINDS that Defendant has an absolute immunity from defending against a suit for defamation based on statements made during a petition to the government for recourse and/or judicial proceedings." We disagree that absolute privilege deprived the trial court of subject matter jurisdiction over Whitlock's claims.

Texas recognizes two classes of privilege applicable to defamation suits, "absolute privilege" and "conditional or qualified privilege," the purpose of which are to support the administration of justice through "full and free disclosure of information as to criminal activity both by the public and by participants in judicial proceedings." *Shell Oil Co. v. Writt*, 464 S.W.3d 650, 654 (Tex. 2015). Absolute privilege protects an individual from a defamation claim for publishing a defamatory matter preliminary to a proposed judicial proceeding or as part of a judicial proceeding in which the person is testifying.[4] *See id.* at 654–55. Although Taylor asserts absolute privilege to challenge subject matter jurisdiction, she has provided no authority, either in her appellate briefing or in the trial court, in which absolute privilege has been addressed as part of subject matter jurisdiction.[5]

---

[4] Taylor argues absolute privilege applies because Whitlock's defamation claims are based on her  statements to the Fort Bend County Sheriff's Office. However, Whitlock's petition also specifically identifies persons other than the Fort Bend County Sheriff's Office to whom Taylor made allegedly defamatory statements. Additionally, a "circumstance generally giving rise to a *qualified privilege* is 'when a person makes a statement to police identifying someone as a potential suspect in the commission of a criminal offense.'" *Saks & Co., LLC v. Li*, 653 S.W.3d 306, 315 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (emphasis added).

[5] The sole case Taylor relied upon in the trial court addressed the Texas Citizen's Participation Act ("TCPA"), which safeguards individuals' constitutional rights to petition government. *See Murphy USA, Inc. v. Rose*, No. 12-15-00197-CV, 2016 WL 5800263, at * 1, (Tex. App.—Tyler Oct. 5, 2016, no pet.) (mem. op.) (concluding that filing a police report implicates a person's right to petition the government and that the TCPA thus applies to causes of action based on reporting an incident to police). Taylor did not file a TCPA motion, which was due within sixty days after she was served. *See* Tex. Civ. Prac. & Rem Code Ann. § 27.003(b). The record indicates that Taylor set a hearing to simultaneously present her plea to the jurisdiction and a motion for extension of time to file a TCPA motion. However, there is no motion for extension of time or the trial court's ruling on such a motion in the appellate record.

7

Rather, absolute privilege is properly characterized as either an affirmative defense or an issue which the plaintiff must disprove as part of her cause of action when it is raised. *See id.* at 654; *Thibodeau v. Lyles*, 558 S.W.3d 166, 171 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (concluding that absolute privilege results in a defense to the merits of a claim rather than a dismissal for lack of subject matter jurisdiction). We thus decline to consider absolute privilege in determining subject matter jurisdiction.

Having concluded that Whitlock's petition adequately demonstrates the trial court's subject matter jurisdiction and having declined to consider absolute privilege in determinations of subject matter jurisdiction, we sustain Whitlock's first issue.

## B.    SANCTIONS

In her second issue, Whitlock argues that the trial court erred in imposing sanctions. Among her arguments, Whitlock contends she received inadequate notice of the hearing on sanctions and inadequate opportunity to respond. Whitlock also argues the trial court premised sanctions on Taylor's assertion of absolute privilege, a defense which the trial court incorrectly considered in assessing subject matter jurisdiction.

We review a trial court's imposition of sanctions for an abuse of discretion. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009) (per curiam); *In re Hereweareagain, Inc.*, 383 S.W.3d 703, 708 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding). We will reverse the sanctions order only if the trial court acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable. *Unifund*, 299 S.W.3d at 97.

8

### 1. Notice

"'Notice is essential for the proper imposition of sanctions.'" *Hereweareagain*, 383 S.W.3d at 708 (quoting *Zep Mfg. Co. v. Anthony*, 752 S.W.2d 687, 690 (Tex. App.—Houston [1st Dist.] 1988, no writ)). The statutory authority for the sanctions imposed—Chapter 10 and Rule 13—expressly require that notice be given to the party subject to the sanctions. *See* Tex. Civ. Prac. & Rem. Code Ann. § 10.003; Tex. R. Civ. P. 13. Here, Taylor first invoked Chapter 10 and Rule 13 in her reply to Whitlock's response to her plea to the jurisdiction, which was filed four days before the hearing. *Cf. TransAm. Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 915 (Tex. 1991) (orig. proceeding) (permitting motion for sanctions in party's responsive pleading); *McFarland v. Szakalun*, 809 S.W.2d 760, 765 (Tex. App.—Houston [14th Dist.] 1991, writ denied) (concluding three-day notice was reasonable notice of sanctions hearing). The day before the hearing, Taylor also amended her answer to request sanctions based on Chapter 10 and Rule 13. Taylor's amended notice of hearing does not include a request for hearing on sanctions. Still, Whitlock needed to object in the trial court to the lack of notice about sanctions to preserve error. *See* Tex. R. App. P. 33.1(a); *Low v. Henry*, 221 S.W.3d 609, 618 (Tex. 2007). Whitlock did not raise lack of notice until her appeal, which is untimely. *See* Tex. R. App. P. 33.1; *Low*, 221 S.W.3d at 618.

### 2. Bases for Sanctions

We next address whether sanctions were properly awarded under Chapter 10 or Rule 13 and conclude that they were not. Chapter 10 allows a trial court to sanction a party or an attorney for filing pleadings that lack a reasonable basis in law or fact. *See* Tex. Civ. Prac. & Rem. Code Ann. § 10.001; *Unifund*, 299 S.W.3d at 97. Rule 13 permits sanctions against attorneys and represented parties who file a groundless pleading in bad faith or for the purpose of harassment. Tex. R. Civ. P.

13; *Gomer v. Davis*, 419 S.W.3d 470, 477 (Tex. App.—Houston [1st Dist.] 2013, no pet.). A pleading is "groundless" if it has "no basis in law or fact and [is] not warranted by good faith argument for the extension, modification, or reversal of existing law." Tex. R. Civ. P. 13.

Generally, courts presume that pleadings are filed in good faith. *Unifund*, 299 S.W.3d at 97. The party seeking sanctions bears the burden of overcoming the presumption. *Id.* The party seeking to impose sanctions pursuant to Rule 13 must demonstrate first that the opposing party's pleadings are groundless, and then must demonstrate that the groundless pleadings were either filed in bad faith or for the purpose of harassment. *Gomer*, 419 S.W.3d at 478. The trial court does not abuse its discretion if it bases its decision on conflicting evidence and some evidence supports its decision. *Unifund*, 299 S.W.3d at 97. However, a trial court abuses its discretion when its decision is contrary to the only permissible view of probative, properly admitted evidence. *Id*.

Sanctions under Rule 13 may be imposed only for good cause, and the trial court is required to state the particulars of good cause in the order. Tex. R. Civ. P. 13. Similarly, under Chapter 10, a trial court is required to describe in its order the conduct the court has found sanctionable and explain the basis for the sanction imposed. *See* Tex. Civ. Prac. & Rem. Code Ann. § 10.005. Here, the trial court's order states:

> The Court further FINDS that Plaintiff's and/or her attorney's ample bad faith since initiating this suit is established in their (1) use of court proceedings to coerce Defendant into a personal relationship with Plaintiff; (2) failure or refusal to recognize Defendant's absolute privilege in making the complained of alleged statements; (3) refusal to provide answers to written interrogatories and produce documents in response to requests for production to prove its claims; and (4) prior history of filing similar claims warrants the imposition of sanctions to discourage future baseless litigation.

10

As we have concluded earlier in this opinion, absolute privilege is not applicable to determining subject matter jurisdiction. Further, it is *qualified privilege*, not absolute privilege, that may be asserted when a defamation defendant identifies a person as a criminal suspect to law enforcement. *See Saks & Co.*, 653 S.W.3d at 315. Moreover, Whitlock's petition identifies individuals outside of the Fort Bend County Sheriff's Office to whom Taylor allegedly defamed her. Thus, the trial court erred in finding that Whitlock's petition was groundless and in awarding sanctions.

Because Taylor did not demonstrate that Whitlock's petition was groundless, we need not address whether Taylor proved the petition was filed in bad faith or for harassment.[6] *See Gomer*, 419 S.W.3d at 478 (concluding that a party must first demonstrate that a pleading was groundless and then show the groundless pleading was filed in bad faith or for harassment).

We sustain issue two.

### III.  CONCLUSION

Having sustained Whitlock's first and second issues, we reverse the trial court's order granting Taylor's plea to the jurisdiction and request for sanctions.

---

[6] The trial court's finding of bad faith refers to discovery, but Taylor did not seek discovery sanctions pursuant to Texas Rule of Civil Procedure 215. Instead, Taylor sought sanctions specifically under Chapter 10 and Rule 13, and these are the only legal bases cited in the trial court's order. *See F1 Constr., Inc. v. Banz*, No. 05-19-00717-CV, 2021 WL 194109, at *2 (Tex. App.—Dallas Jan. 20, 2021, no pet.) (mem. op.) (concluding "this is not a Rule 215 sanctions case" where party cited different rule in its motion for sanctions and trial court's findings did not mention Rule 215). Taylor did not file a motion to compel, and she did not provide evidence of failure to comply with a discovery order or request. To the contrary, the affidavit from Whitlock's attorney in support of sanctions addresses the plea to the jurisdiction and general defense costs, not abuse of discovery. Discovery "sanctions are designed to rectify discovery abuse by compensating the aggrieved party for expenses incurred." *CHRISTUS Health Gulf Coast v. Carswell*, 505 S.W.3d 528, 540 (Tex. 2016). When a party seeks attorney's fees as discovery sanctions, the burden is on that party to put forth some affirmative evidence how attorney's fees resulted from or were caused by sanctionable conduct. *Id.*

11

We remand to the trial court for further proceedings consistent with this opinion.

/s/ Margaret "Meg" Poissant
Justice

Panel consists of Justices Wise, Zimmerer, and Poissant.