Opinion issued May 14, 2026



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00470-CV

———————————

**CITY OF SHENANDOAH, TEXAS, Appellant**

**V.**

**LAW OFFICE OF FRANK POWELL & FRANK C. POWELL, Appellees**

---

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-14468**

---

## MEMORANDUM OPINION

Appellant, City of Shenandoah, Texas ("the City"), appeals the trial court's order denying its Rule 91a motion to dismiss filed as a plea to the jurisdiction in the defamation suit filed by appellees, Law Office of Frank Powell and Frank C. Powell (collectively, "Powell"). The City contends that the trial court erred in

denying its Rule 91a motion because (1) Powell's election to sue individual City employees alone statutorily barred its claim against the City, (2) Powell failed to establish a waiver of immunity under the Texas Tort Claims Act ("TTCA"),[1] and (3) Powell's defamation claim against the City is barred by the statute of limitations. We reverse and render.

**Background**

On March 9, 2022, Powell sued several City employees[2] alleging that they slandered him during a City Council meeting held on January 26, 2022. Powell asserted a cause of action for slander per se against the employees in their individual capacities and sought a retraction of the alleged defamatory statements as well as actual and exemplary damages.[3]

On March 28, 2022, Powell amended his petition to add Deborah Pilcher, the City's Communications Director, as a defendant.

On April 12, 2022, the City employees answered, asserting a general denial.[4]

---

[1]    TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001–.109.

[2]    The City employees named as defendants in Powell's original petition—Michael R. Wheeler, Ronald E. Raymaker, Jon T. Fletcher, John G. Escoto, Katherine Reyer, William C. Ferebee, and Jacob G. Reuvers—are not parties to this appeal.

[3]    The factual background of this case is set forth in detail in this Court's opinion in *Wheeler v. Law Office of Frank Powell*, No. 01-22-00479-CV, 2023 WL 5535670, at *1–3 (Tex. App.—Houston [1st Dist.] Aug. 29, 2023, no pet.) (mem. op.).

[4]    The employees' pleading included a motion to transfer venue.

Powell filed a second amended petition on April 21, 2022.

On April 29, 2022, the City employees, including Pilcher, moved to dismiss Powell's claims against them under section 101.106(f) of the TTCA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f). The City employees asserted that the TTCA's election-of-remedies provision provides statutory immunity to governmental employees "when suit is filed against an employee whose conduct was within the scope of her employment and the suit could have been brought against the governmental unit." *Id.* They asserted that Powell's claims failed because the alleged defamatory statements were made while the employees were acting within the scope of their employment with the City and the claims could have been brought against the City. Thus, section 101.106(f) required dismissal of Powell's claims against them in their individual capacities.

In his response to the employees' motion, Powell argued that because the TTCA specifically excludes intentional torts, and his defamation is an intentional tort, section 101.106(f) of the TTCA does not apply to his claim. According to Powell, the City employees were not acting within the scope of their employment when they made the defamatory statements and therefore the TTCA did not apply.

In their reply to Powell's response, the City employees disputed Powell's interpretation of section 101.016(f). They argued that while the TTCA excepts

intentional torts from its waiver of governmental immunity, this exception does not affect the applicability of section 101.106(f). Because Powell alleged only torts, his suit was brought under the TTCA and section 101.106(f) applied. The City employees further argued that Powell could not demonstrate that they acted outside the general scope of their employment.

In his sur-reply, Powell reiterated his argument that the TTCA did not apply to his cause of action because the City employees' conduct was not within the scope of their employment. He argued that, contrary to the City employees' assertion, they bore the burden to prove that they met the statutory threshold requirements of section 101.106(f) to be entitled to dismissal of Powell's defamation claim, and they failed to do so.

The trial court signed an order denying the City employees' motion to dismiss on June 14, 2022. The City employees filed an interlocutory appeal of the trial court's order.

On appeal, this Court held that the trial court erred by denying the City employees' section 101.106(f) motion to dismiss with respect to the defamation claims against all the employees except Pilcher. *See Wheeler v. Law Office of Frank Powell*, No. 01-22-00479-CV, 2023 WL 5535670, at *1 (Tex. App.—Houston [1st Dist.] Aug. 29, 2023, no pet.) (mem. op.). Because Powell's live pleading affirmatively negated subject matter jurisdiction over his claims against

4

all of the governmental employees, except for Pilcher—for whom the pleading neither negated nor demonstrated jurisdiction—the Court reversed the trial court's order denying the motion. *See id.* We remanded the defamation claim against Pilcher to the trial court "to provide an opportunity for amendment of Powell's petition," and we rendered judgment dismissing the claims against all other defendants. *See id.*

On February 12, 2024, approximately five months after remand, Powell filed a third amended petition in which he alleged that Pilcher posted her defamatory comments about him publicly on her personal Facebook page. Powell attached a copy of Pilcher's Facebook post to his petition.

On March 26, 2024, Pilcher filed a second motion to dismiss under section 101.106(f). She asserted that Powell's allegations failed to affirmatively demonstrate the trial court's subject matter jurisdiction over his defamation claim against her. Pilcher argued that she was immune from suit under section 101.106(f) because she was acting within the scope of her employment as the City's communications director when she posted about Powell's statements made during a City Council meeting, and Powell's claim could have been brought against the City.

Powell responded, asserting that under the plain language of section 101.106(f), he had thirty days to decide whether to amend his petition and substitute the City as defendant in his suit.

Pilcher replied that while the government consents to its substitution as a defendant under §101.106(f), that consent terminates thirty days after the filing of the employee's motion to dismiss. Pilcher asserted that she and the other City employees filed their first motion to dismiss on April 29, 2022. Thus, Powell's opportunity to substitute the City as a defendant expired on May 30, 2022, not in 2024.[5] Because the record showed that Powell did not dismiss the City employees, including Pilcher, and substitute the City within thirty days after the motion was filed, the trial court was required to dismiss Powell's claims against Pilcher.

On April 25, 2024, Powell filed his fourth amended petition—the live pleading in this case. Powell alleged that his fourth amended petition "effectively dismisse[d] Pilcher and name[d] the City of Shenandoah (City) as the defendant pursuant to § 101.106(f) . . . [and t]he City has effectively consented to being named as the defendant in place of Pilcher by filing the § 101.106(f) motion to dismiss."

---

[5] In its reply brief, the City stated that Powell's opportunity to substitute the City expired on May 29, 2022. Because May 29, 2022 fell on a Sunday, Powell's opportunity to substitute the City expired on Monday, May 30, 2022. *See* TEX. R. CIV. P. 4 (stating that when last day of period of time prescribed by statute is Saturday, Sunday, or legal holiday, period runs until end of next day which is not Saturday, Sunday, or legal holiday).

In a supplemental response to Pilcher's motion to dismiss, Powell argued that because he had amended his pleadings pursuant to section 101.106(f), Pilcher's motion to dismiss was moot because she had been nonsuited and the City was now the defendant. He argued that while Pilcher was correct that the City's consent to be substituted as a defendant after the City employees filed their 2022 motion to dismiss had expired in 2022, this was true only with respect to her 2022 motion. According to Powell, when Pilcher elected to invoke section 101.106(f) in her motion to dismiss filed on March 26, 2024, "this triggered another 30 days of consent pursuant to the plain language of the statute."

On May 3, 2024, the trial court signed an order stating that Pilcher's section 101.106(f) motion to dismiss filed on March 26, 2024 was moot because Powell substituted the City as the defendant in place of Pilcher pursuant to section 101.106(f)'s election-of-remedies provision.

On May 8, 2024, the City filed a Rule 91a motion to dismiss as a plea to the jurisdiction seeking dismissal of Powell's claims on several grounds. First, it argued that the City employees, including Pilcher, filed their first section 101.106(f) motion to dismiss on April 29, 2022. That filing triggered Powell's opportunity and deadline to substitute the City in place of the individual City employees, both of which expired on May 29, 2022. The City argued that because Powell chose not to substitute the City at the very outset and within thirty days of

7

the filing of the City employees' section 101.106(f) motion, Powell was deemed, in 2022, to have made an "irrevocable election" to sue the individuals, including Pilcher, and not the City. The City argued that Powell was not permitted to substitute the City two years after the City employees filed their first motion to dismiss. The City also argued that Powell had failed to show a waiver of immunity under the TTCA because he failed to comply with the TTCA's notice requirement. It further argued that section 101.021 of the TTCA, which sets out the requirements to establish a waiver of governmental immunity, does not include a waiver of immunity for the claims Powell asserted in his lawsuit. According to the City, Powell's defamation claim also did not fall within the TTCA's limited waiver of immunity because the Act expressly bars intentional tort claims, such as defamation, against governmental entities. Lastly, the City argued that Powell's defamation claim was barred by the applicable statute of limitations.

In his response, Powell argued that the City's Rule 91a motion to dismiss was not timely filed and should be denied. A Rule 91a motion "must be filed within [sixty] days after the first pleading containing the challenged cause of action is served on the movant." Powell argued that he filed his first pleading asserting a defamation cause of action more than two years ago, and thus the City's Rule 91a motion was untimely. Powell asserted that the City waived immunity under the TTCA when it filed its section 101.106(f) motion to dismiss and consented to the

8

suit. He further asserted that the City had actual notice of Powell's claim because it filed its first motion to dismiss on May 23, 2022, and it filed a notice of appeal from the trial court's denial of its motion on June 24, 2022. Additionally, the same attorney and firm handled the legal work in 2022 and in 2024, and thus the City's assertion that it did not have actual notice of Powell's claims was not credible. Powell also asserted that his defamation claim was not barred by the statute of limitations because "a government employer may be substituted for the employee under § 101.106 after limitations have run because there is no change in the real party in interest." (internal quotations omitted).

In its reply, the City noted that a Rule 91a motion to dismiss "must be filed within [sixty] days after the first pleading containing the challenged cause of action is served on the movant." (citing TEX. R. CIV. P. 91a). If, however, a plaintiff's subsequent pleading adds a new party as a claimant or defendant, the pleading asserts a new legal action and starts a new sixty-day period to file a dismissal motion as to the claims asserted by or against the new party. The City pointed out that Powell's previous pleadings did not assert a claim against the City, and that his fourth amended petition added the City as a new defendant on April 25, 2024. Thus, the City's Rule 91a motion to dismiss filed on May 8, 2024 was timely filed. The City reiterated its arguments that Powell's election to sue the City employees individually barred his claim against the City, that Powell failed to show a waiver

9

of immunity, and that his defamation claim against the City was barred by the statute of limitations.

In his sur-reply, Powell argued that the City provided no case law supporting its argument that Powell was not entitled to thirty days "to make an election of remedies in response to the most recent § 101.106(f) motion to dismiss." Powell restated his arguments from his response to the City's Rule 91 motion.

The trial court denied the City's Rule 91a motion to dismiss on June 12, 2024. This interlocutory appeal followed.[6]

**Discussion**

On appeal, the City contends that the trial court erred in denying its Rule 91a motion to dismiss because (1) Powell's election to sue individual City employees statutorily barred its claim against the City, (2) Powell failed to establish a waiver

---

[6] A party may appeal an interlocutory order that grants or denies a plea to the jurisdiction by a governmental unit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8). A plea to the jurisdiction includes a Rule 91a motion if it alleges a lack of subject matter jurisdiction. *See City of Magnolia 4A Econ. Dev. Corp. v. Smedley*, 533 S.W.3d 297, 299 (Tex. 2017) ("This Court considers 'plea to the jurisdiction' not to refer to a particular procedural vehicle, but rather to the substance of the issue raised." (citation omitted)); *City of Austin v. Liberty Mut. Ins.*, 431 S.W.3d 817, 822 (Tex. App.—Austin 2014, no pet.) (noting that because city's Rule 91a motion challenged trial court's subject matter jurisdiction over claims asserted, section 51.014(a)(8) afforded city right to interlocutory appeal of trial court's denial of motion).

10

of immunity under the TTCA, and (3) Powell's defamation claim against the City is barred by the statute of limitations.[7]

## A. Standard of Review

Subject matter jurisdiction is essential to a court's power to decide a case. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013). To establish subject matter jurisdiction, a plaintiff must allege facts that affirmatively demonstrate the court's jurisdiction to hear the claim. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019).

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *TitleMax of Tex., Inc. v. City of Austin*, 639 S.W.3d 240, 245 (Tex. App.—Houston [1st Dist.] 2021, no pet.). We review a trial court's ruling on a plea to the jurisdiction de novo. *See Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Pol. Subdivs. Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 323 (Tex. 2006); *City of Houston v. Vallejo*, 371 S.W.3d 499, 501 (Tex. App.—Houston [1st Dist.] 2012, pet. denied).

If there is no subject matter jurisdiction, the claim has no basis in law and, thus, Rule 91a can be used to obtain dismissal. *See Thibodeau v. Lyles*, 558 S.W.3d 166, 169 (Tex. App.—Houston [14th Dist.] 2018, no pet.); TEX. R. CIV. P.

---

[7] Powell did not file an appellee's brief.

11

91a.1 ("[A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact."). Accordingly, a challenge to subject matter jurisdiction based on sovereign or governmental immunity may be raised by any dispositive motion, including a motion under Rule 91a. *See City of Dallas v. Sanchez*, 494 S.W.3d 722, 724–25 (Tex. 2016). The plaintiff bears the burden to establish the trial court's jurisdiction. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012).

**B.    Applicable Law**

Sovereign immunity and its counterpart for political subdivisions, governmental immunity, protect the State and its political subdivisions, including counties, cities, and municipalities, from lawsuits and liability for money damages. *See Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). The TTCA provides a limited waiver of immunity for certain suits against governmental entities. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.025.[8]

Section 101.106 of the TTCA ("Election of Remedies") provides, in relevant part:

---

[8] The Texas Tort Claims Act waives a governmental unit's immunity for property damage and personal injury proximately caused by the wrongful act or omission or the negligence of an employee acting within the scope of his employment if (1) the damage or injury arises from the operation or use of a motor-driven vehicle or motor-driven equipment and (2) the employee would be personally liable to the plaintiff according to Texas law. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021.

12

. . . .

(b) The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

. . . .

(f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

*Id.* § 101.106. In short, section 101.106(f) mandates dismissal when a suit against a governmental employee "(1) is based on conduct within the general scope of the employee's employment and (2) could have been brought under the [TTCA] against the governmental unit." *Garza v. Harrison*, 574 S.W.3d 389, 394 (Tex. 2019) (internal quotation marks omitted).

Section 101.106(f)'s purpose is "to force [a plaintiff] to decide at the outset whether [a governmental] employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable." *City of Houston v. Esparza*, 369 S.W.3d 238, 244 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008)). The

13

election-of-remedies provision imposes "irrevocable consequences" on a claimant's decision regarding whom to sue, such that a claimant "must proceed cautiously before filing suit and carefully consider whether to seek relief from the governmental unit or from the employee individually." *Garcia*, 253 S.W.3d at 657.

**C.     Analysis**

The City asserts that Powell's election to sue individual City employees alone statutorily barred his claim against the City.

The record shows the following:

- Powell sued the individual City employees on March 9, 2022;

- Powell amended his petition to add Pilcher as a defendant on March 28, 2022;

- Powell filed a second amended petition on April 21, 2022;

- The City employees, including Pilcher, filed a motion to dismiss Powell's claims against them under section 101.106(f) on April 29, 2022;

- The trial court denied the City employees' motion to dismiss on June 14, 2022;

- Following this Court's remand, Powell filed a third amended petition on February 12, 2024;

- Pilcher filed a second motion to dismiss under section 101.106(f) on March 26, 2024;

- Powell filed his fourth amended petition seeking to dismiss Pilcher and name the City as the defendant on April 25, 2024;

- The trial court signed an order stating that Pilcher's section 101.106(f) motion to dismiss was moot "because [Powell] substituted the City of Shenandoah as the defendant in place of Pilcher pursuant to the Election [of] Remedies provision under § 101.106(f)" on May 3, 2024;

- The City filed a Rule 91a motion to dismiss as a plea to the jurisdiction seeking dismissal of Powell's claims against it on May 8, 2024; and

- The trial court denied the City's Rule 91a motion to dismiss on June 12, 2024.

As noted above, in response to Powell's second amended petition, the City employees moved to dismiss Powell's claims against them under section 101.106(f) on April 29, 2022. Under section 101.106(f)'s express language, the trial court was required to dismiss Powell's suit against the employees unless Powell filed an amended pleading dismissing the City employees and naming the City as a defendant on or before the 30th day after the motion was filed, or by May 30, 2022. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f).

Powell did not dismiss the City employees and substitute the City as defendant within thirty days after the City employees filed their section 101.106(f) motion. Instead, Powell sought only to substitute the City for Pilcher—the sole defendant remaining after Powell's claims against the other City employees were dismissed by this Court—in his fourth amended petition filed on April 25, 2024, nearly two years after the individual City employees filed their section 101.106(f) motion to dismiss, and well after the thirty days specified in section 101.106(f). In

15

deciding not to substitute the City for the individual employees within thirty days after they filed their motion, Powell made an irrevocable election to sue the individual employees, and not the City. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(b).

"[A] plaintiff who sues an employee cannot thereafter sue the governmental employer without its consent." *Franka v. Velasquez*, 332 S.W.3d 367, 394 n.12 (Tex. 2011) (Medina, J., dissenting). "The government consents to its substitution as defendant under § 101.106(f) but that consent terminates 30 days after the filing of the employee's motion to dismiss." *Id.*; *see Esparza*, 369 S.W.3d at 249 (noting subsection (b)'s "consent" exception permits claimant to bring suit against governmental unit only if claimant has complied with all of authorizing statute's jurisdictional requirements for bringing suit (citing *Garcia*, 253 S.W.3d at 660)). Because Powell failed to comply with section 101.106(f), the City retained its immunity from suit derived from section 101.106(b), and Powell lost the opportunity provided by section 101.106(f) to name the City in place of the City employees as the defendant in the lawsuit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(b), (f); *Esparza*, 369 SW.3d at 250 ("Once a claimant has made an election under the statute—whether voluntarily or by operation of the statute—the claimant may never satisfy the Act's jurisdictional prerequisites for bringing suit against the un-elected defendant."); *Texas Tech Univ. Health Sci. Ctr. v. Williams*,

16

344 S.W.3d 508, 513 (Tex. App.—El Paso 2011, no pet.) ("When a plaintiff decides to amend and substitute under Subsection (f), but fails to do so timely, "regardless of whether a subsection (f) motion has been granted, [the plaintiff] has also missed the chance to sue the governmental unit." (internal citation omitted)). As a result of the City's immunity from suit, the trial court lacked subject matter jurisdiction over Powell's suit against the City. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004) (stating sovereign immunity deprives trial court of subject matter jurisdiction over lawsuits in which state or certain governmental units have been sued absent consent to suit). We hold that the trial court erred in denying the City's Rule 91a motion to dismiss. Accordingly, we sustain the City's issue.[9]

## Conclusion

We reverse the trial court's June 12, 2024 order denying the City's Rule 91a motion to dismiss and render judgment dismissing Powell's suit against the City.

Kristin M. Guiney
Justice

Panel consists of Chief Justice Adams and Justices Guerra and Guiney.

---

[9] In light of our conclusion, we do not address the City's additional arguments that Powell failed to establish a waiver of immunity under the TTCA and his defamation claim against the City is barred by the statute of limitations. *See* TEX. R. APP. P. 47.1.